WHITE *against* KIBLING.

Where a ne-
gotiable note
was paid, be-
fore it became
due, to the
payee, by the
maker, who
took a receipt
in full, and the
note was after-
wards, before
it became due,
endorsed by
the payee, but
the endorsee
was informed
of the fact of
such payment
before the note
was delivered
to him; it was
held that the
endorsee took
the note sub-
ject to such
payment. An
endorsee of a
promissory
note is a com-
petent witness
to prove a pay-
ment of it by
the maker.
Evidence of
what a witness,
who is dead,
swore to at a
former trial of
a cause, is ad-
missible, tho'
unaccompani-
ed with the
*postea,* if no
objection is
made, at the
trial, on that
ground; for it
will then be
presumed that
the pendency
of the former
suit and trial
was admitted.

THIS was an action of *assumpsit.* The cause was tried at
the *Jefferson* circuit, the 16th of *June,* 1813, before Mr. Justice
*Yates.* The plaintiff gave in evidence a promissory note, da-
ted 17th of *May,* 1808, by which he promised to pay *Simeon
Daggett,* or order, two hundred and twelve dollars, on or before
the 1st of *January,* 1811, with interest, and endorsed by *Dag-
gett.*

The defendant's counsel offered to prove that the note was
endorsed originally by *Daggett* to one *William Otis,* and that,
at the time he so made the endorsement, he informed the agent
of *Otis* that the defendant had paid the note; and that *Otis,*
when he transferred the note to the plaintiff, was informed of
the same fact. The plaintiff objected to this evidence, unless
the defendant first proved that the note was endorsed and trans-
ferred, after it became due; but the judge overruled the objec-
tion.

*Ackley,* a witness for the defendant, testified, that in *May* or
*June,* 1809, *Otis* delivered the note in question to him, and re-
quested him to get it endorsed by *Daggett.* The witness soon
after saw *Daggett,* and requested him to endorse it, which he
objected to, saying the defendant had paid the note to him, and
that he had given a receipt to the defendant for the amount.
*Daggett,* however, endorsed the note, on the express condition
that the witness should keep it, and not let *Kibling* know of it,
until the 20th of *August,* when he agreed to be at *Ellisburgh,*
where *Otis* resided, and pay it. The witness accordingly kept
the note in his hands until after the 20th of *August,* and then
delivered the note to *Otis,* informing him of the conversation
which had passed between the witness and *Daggett.*

Another witness, *Cole,* testified, that he was at the house of
*Otis* in the winter of 1809, when *Kibling* told *Otis* the note in
question had been paid, and that he should not pay it again.
*Otis* produced the note, which was not then endorsed by *Dag-
gett,* and the defendant produced the receipt in full. *Otis* said
the note had been delivered to him by *Daggett,* as security for
another note, signed with *Daggett* to the plaintiff. The wit-

ness further stated that *Otis* was dead; that on a former trial of the cause, in the court of common pleas of *Jefferson* county, from which it was removed to this court, *Otis* was a witness, and testified that the note was first deposited with him in the autumn of the year 1808, in the manner mentioned by the witness; that in *February*, 1809, *Kibling* informed him, *Otis*, of the payment of the note; that the endorsement of it was afterwards obtained, and it was delivered to the plaintiff towards payment of his demand against *Daggett* and *Otis*, on their note above mentioned; that, at the time he so delivered the note to the plaintiff, he informed him of the payment of it, and of the manner in which the endorsement from *Daggett* had been obtained, and told the plaintiff he might take the note and make what he could from it. This evidence, as to what *Otis* testified at a former trial, was objected to by the plaintiff's counsel; but the judge admitted it on the ground that *Otis* was dead. The defendant then produced and proved a receipt given by *Daggett* to the plaintiff, which was objected to by the plaintiff's counsel, but admitted by the judge. The receipt was as follows: " *Chester, January* 3, 1809, received of *John Kibling*, jun. the full demand which I hold against him, dated the 17th of *May last*, which was given for a certain lot of land in *Ellisburgh*, being for value received."

The jury, under the direction of the judge, found a verdict for the defendant.

A motion was made to set aside the verdict, and for a new trial.

*N. Williams*, for the plaintiff, contended, 1. That the note in question having been endorsed and transferred before it became due, and before the alleged payment by the maker, evidence of such payment was inadmissible. Where a note is negotiated before it is due, the holder cannot be affected by any dealings or transactions between the maker and payee.* Where a note is transferred before it is due, the maker is not allowed to show payment, or to impeach the consideration, unless to prove a fraud in its original creation;† and it is only where it is negotiated after it is due, that any such defence is allowed. Again, this note was actually *delivered* to *Otis* in 1808, and before the

* *Prior* v. *Jacocks*, 1 *Johns. Cas.* 169. *Stra.* 1155. *Doug.* 735. 1 *Johns. Cas.* 51—53.
† *Brown* v. *Davies*, 3 *Term Rep.* 80. *Payne* v. *Eden*, 3 *Caines' Rep.* 213. 2 *Caines' Rep.* 369. *Hendricks* v. *Judah*, 1 *Johns. Rep.* 318. 5 *Johns. Rep.* 118. See, also, 1 *Bos. & Pull.* 399. 7 *Term Rep.* 427. 429. 630.

NEW-YORK,
May, 1814.

WHITE
v.
KIBLING.

time of the alleged payment, though not then endorsed. This was a valid transfer of the note, at that time, and *Daggett* was bound, when called upon at any time afterwards, to endorse the note. It is not essential, to the transfer of a note, that it should be endorsed at the time of its delivery to the endorsee,* provided the endorsement is afterwards made.

Again, it is a general principle of law, that where one of two innocent persons must suffer, by the act of a third, he who enabled such third person to occasion the loss ought to sustain it.† The plaintiff is an innocent endorsee; and the defendant, who has suffered the note to remain in his hands after it was paid, ought to sustain the loss, or to seek his remedy against *Daggett*, the payee, if he has fraudulently endorsed it.

Again, the evidence of the payment was improper and illegal. The receipt and declarations of *Daggett*, the endorser, who was no party to the suit, ought not to be allowed to defeat the right of a *bona fide* holder. The terms of the receipt are peculiar and remarkable, and may well induce a suspicion as to its fairness. The evidence of *Cole*, as to what *Otis* swore, as a witness at the former trial, was not admissible, without producing the record or *postea*. The rule, that testimony of what a witness swore at a former trial is not admissible, unless accompanied with the *postea*, was recognised by this court in *Beals* v. *Guernscy*.‡

*Sedgwick*, contra. The note was not regularly endorsed or negotiated; it was delivered as a pledge, or for collateral security merely. *Daggett*, evidently, did not mean to negotiate it. Notes payable to order are transferable only by endorsement. Though the note was not due, yet, as the plaintiff took it, *knowing* that it had been paid, he took it subject to such payment. *Notice* of the equities of another before the execution of a contract, or the payment of the money, is equivalent to a notice before the contract.§ The plaintiff having taken the note, with full knowledge of its being paid, does not stand in the situation of an innocent and *bona fide* holder; and having such notice, it can make no difference whether the note was negotiated before or after it was due. The defendant was justified in making the payment, not having any knowledge of the transfer of the note. The note produced to him was not endorsed; there was no evidence, therefore, of the transfer of the title or property in the note. For aught that appeared, *Otis*

* Smith v.
Pickering,
Peake's N.
P. Cas. 10.
See, also, Ba-
ker v. Arnold,
1 Caines' Rep.
258. 270.  1
Campb. N. P.
45. 47.
† Lickbarrow
v. Mason, 2
Term Rep. 70.

‡ 8 Johns. Rep.
446—451. See,
also, 1 Stra.
162.  Peake's
Ev. 40.  2
Show. 168.

§ Sugd. Law
of Vend. 487.
3 P. Wms. 307.
2 Atk. 630.
1 Atk. 384.

may have been the agent of *Daggett.**  It cannot be pretended that the payment was fraudulent, as it regarded *Otis,* or the plaintiff, unless clear and positive notice of the transfer or assignment to him was shown.

NEW-YORK,
May, 1814.

WHITE
v.
KIBLING.
* *Meghan* v.
*Mills,* 9 *Johns.
Rep.* 64.

*Per Curiam.*  The verdict is clearly according to the justice of the case.  The testimony is abundantly sufficient to show a payment of the note to the payee, and that the fact of such payment was communicated to the plaintiff, before the note was transferred or delivered to him.  The only doubt that can arise is, as to the competency of the evidence admitted to prove the payment.  This evidence principally consisted in the proof of what was sworn to by *William Otis* on a former trial of this cause, in the common pleas of *Jefferson* county.  It was objected that this testimony was not admissible.  As a general proposition, this objection was not well taken, and was, therefore, properly overruled.  There was no pretence that *Otis,* if living, would not have been a competent witness, and no such objection could have been made; for, even admitting him to have stood in the character of an endorsee of the note, yet he was a competent witness to prove a payment.(*a*)  We must presume that the pendency of the former trial was admitted, as no objection appears to have been made, at the trial, on that ground.  This testimony was, then, properly admitted; and shows, conclusively, that when the note was delivered to the plaintiff, he was informed that it had been paid, and of the manner in which the endorsement, by *Daggett,* the payee, had been procured.  There was no pretence that the payment to *Daggett* was fraudulent.  If so, it was matter which ought to have been submitted to the jury.  But the case does not furnish evidence from which the jury could reasonably have inferred fraud.  The motion for a new trial must, therefore, be denied.

Judgment for the defendant.

(*a*) 2 *East,* 658.  *Chitty on Bills,* 284.  *Peake's N. P.* 6, 52.