*Plea in bar good.*

## MATTHEW BRYANT *vs.* CHRISTOPHER RITTERBUSH AND WIFE.

The endorser of a note of hand is a competent witness to prove the note paid before he endorsed it.
When a note has once been paid, it ceases to be negotiable.

THIS was an action of assumpsit upon a note of hand made by the now wife of *Ritterbush,* when sole, and by one *Samuel Roby,* dated February 22, 1812, for $100, payable in three years, with interest annually, to *Ezra Baldwin,* and by him endorsed to the plaintiff.

The cause was tried here at October term, 1819, upon the general issue, when it appeared in evidence, that the note was given for money advanced by *Baldwin* to the makers, on a contract by which the makers agreed to deliver to *Baldwin* a certain quantity of hops annually for five years; and the $100 was to go to the payment of the hops, to be delivered the third year. *Ritterbush's* wife was the mother of *Samuel Roby*, and both lived upon the same farm. And when the third year arrived, they delivered to *Baldwin* hops sufficient to fulfil the contract, and pay the note. The farm, on which the hops grew, belonged to the mother, but *Samuel*, the son, transacted the business for himself and his mother; and when he and *Baldwin* settled at the end of the third year, *Samuel* being embarrassed in his circumstances, and *Bryant*, the present plaintiff, being interested with *Baldwin* in the hop contract, and holding another note against *Samuel* alone for $50, that note was, with *Samuel's* assent, cancelled, and this note delivered to *Bryant*, in order that he might have the mother as surety for his debt. The note was endorsed by *Baldwin* in such a manner as not to make him liable as an endorser, and he was admitted as a witness for the defendant, to testify as to some of the facts upon which the defence rested. The note was not endorsed at the time the plaintiff received it, but was subsequently endorsed by *Baldwin*.

A verdict was taken by consent for the plaintiff, subject to the opinion of the court upon the case above stated.

*E. Parker*, for the plaintiff.

*Atherton*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.

As some of the facts, upon which the defence in this case rests, were proved by the testimony of *Baldwin*, it is necessary in the first place to determine whether he was a competent witness. It is objected, that as the note was negotiable and endorsed by *Baldwin*, he was an incompetent witness to prove that at the time he endorsed it, the note had been paid. We have decided, that a party in a negotiable security is not a competent witness to prove such security to have

Bryant
*vs.*
Ritterbush.

(1) 1 N. H.
Rep. 60,
Houghton vs.
Page.
(2) 4 Mass.
Rep. 156.

been originally void.(1)  In the case of *Churchill vs. Su-ter*,(2) the reasons, history, and limitations of this rule of law are stated and explained by *Ch. Jus. Parsons*, with great precision and perspicuity.  And in *Phillips' Ev.* 34, the decisions in this country are collected together in a note.  After a careful examination of all the adjudged cases, we are clearly of opinion, that the rule must be limited to cases where the party to a negotiable instrument is called to testify facts which render the note void, even in the hands of a bona fide endorsee for a valuable consideration without notice.  The necessity of thus restricting the rule in its application becomes very visible, when we advert to the reasons upon which the rule rests.  The rule has its foundation in the impropriety and impolicy of admitting a person who has put his name to a negotiable note, and thus held it out and given it currency as evidence of a valid contract to testify facts, rendering such note absolutely void in whosesoever hands it may be, and clearly shewing that he must have been guilty of a fraud in giving it the sanction of his name.  This being the reason of the rule, it is very apparent that it is inapplicable to the case of notes, which, though void as between parties and privies, are valid in the hands of innocent purchasers.  Because, if he who purchases notes of this description is not conscious of their defects, he cannot be affected by them, and whatever names may be upon such notes, they held out no false colors, by which an innocent purchaser can be defrauded.

In this case the defence is, that *Baldwin* had received payment of this note, before it was transfered to the plaintiff, and that the plaintiff was apprised that it had been paid when he took it.  But in an action by a bona fide endorsee against the maker of a note, payment to the endorser, is no defence, unless the endorsee at the time he received the note had knowledge of the payment, or the note was discredited when he took it by being overdue.(1)  *Baldwin* then was not called to allege his own turpitude by proving the note to which he had given the sanction of his name, utterly void even in the hands of an honest purchaser, but to prove facts which

(3) 1 John.
Ca. 169, Prior
vs. Jacocks.

could not constitute a defence against such a purchaser. He was therefore most clearly a competent witness to prove any fact upon which the defence in this case was founded. The case of *White vs. Kibling*, 11 *John.* 128, is directly in point.

The facts stated in this case constitute a good defence against the action. The note had been paid and taken up by the mother, and was afterwards purchased by the plaintiff of one of the makers. The plaintiff must of course have had knowledge, when he bought it, that it had been paid. It is very clear, that when a note has once been paid and taken up, it ceases to be negotiable. *Chitty on bills*, 235, *note by the editor.*—3 *Mass. Rep.* 556, *Blake vs. Sewall.*—8 *ditto* 465, *Boylston vs. Green.*

*Verdict set aside, and judgment for the defendant.*