## Israel Carleton *versus* William Whitcher.

In an action against one of several makers of a promissory note, another of the makers is a competent witness for the defendant, being released by the latter from all claim to contribution, to prove the consideration of the note to have been an illegal contract for the sale of the office of deputy sheriff.

The office of deputy sheriff cannot be the subject of a sale, and a contract for such a sale is illegal and void.

Where a contract is entire, if a part of the consideration be illegal, the whole contract is void.

Assumpsit on a note for $150, made in October, 1824, by the defendant and three other persons, and payable to Caleb Knight or order, and by him endorsed.

The cause was tried here upon the general issue, at November term, 1828, when the making and endorsement of the note were admitted. It appeared in evidence, that the property and interest in the note were in one J. H. Johnson. The defendant then introduced two of the co-signers of the note as witnesses, to impeach the consideration of the note, having first released them from all liability to contribution. To the competency of these witnesses for the purpose aforesaid, the plaintiff objected, but the objection was overruled by the court.

From the testimony of those witnesses it appeared, that the note was an accommodation note given for the

purpose of being transferred to the said Johnson, and was, soon after it was made, transferred to Johnson in consideration of an agreement made between the said Caleb Knight, and the said Johnson, that the said Johnson, who was a deputy sheriff, should relinquish the business of that office, and should assist in procuring the same office for said Knight, and befriend and aid him in the discharge of its duties.

Upon this evidence a verdict was taken for the plaintiff by consent, subject to the opinion of the court, upon the foregoing case.

*Goodall*, *Woods*, and *J. Parker*, for the plaintiff, contended, 1. That the writings introduced were incompetent, because it was an attempt to impeach the consideration of an instrument to which they had given currency by their signatures, and to show it void in its creation. 1 D. & E. 296, *Walton* v. *Shelley* ; 1 Esp. Rep. 298, *Hart* v. *M'Intosh* ; 2 Dall. 194, *Stille* v. *Lynch* ; 1 N. H. Rep. 60, *Houghton* v. *Page* ; 7 Mass. Rep. 199, *Jones* v. *Coolidge* ; 3 ditto, 27, *Warren* v. *Merry* ; 17 ditto, 122, *Packard* v. *Richardson* ; 10 ditto, 502, *Manning* v. *Wheatland* ; 3 ditto, 565, *Parker* v. *Lovejoy* ; 4 Greenl. 191, *Deering* v. *Sawtell.*

This, being an accommodation note, had its currency given to it when it was transferred to Johnson. Being made for that purpose, that was its inception. 17 Mass. Rep. 94, *Hartford Bank* v. *Barry*; 2 Johns. Rep. 165, *Coleman* v. *Wise* ; 4 Mass. Rep. 156, *Churchill* v. *Suter* ; 14 Johns. 270, *Mann* v. *Swann* ; 20 Johns. 288, *Marvin* v. *M'Cullum* ; 15 ditto, 55, *Munn* v. *Commission Co.* ; 3 Pick. 184, *Knights* v. *Putnam* ; 5 Barn. & Ald. 674, *Downes* v. *Richardson* ; 5 Greenl. 374, *Chandler* v. *Morton.*

The witnesses, therefore, were called not to testify to any subsequent fact as payment, but for the purpose of showing an illegality in the transaction by which it first had " life and efficacy," as an " available security."

None of the cases cited, confine the inadmissibility of witnesses to impeach a security, to cases where it would

be void in the hands of an innocent endorsee, without notice, and it is somewhat difficult to assign a reason why the admissibility of a party to impeach an instrument, which is attempted to be enforced by an original holder, and one who is a party to the illegality, if there be any, should depend upon the question, whether that instrument would or would not be valid, in the hands of an innocent holder, if it had, perchance, been passed to one. So long as the question is between the original parties, the reason of the rule would seem to be the same in either case.

It is not readily seen why there is any greater fraud, in a person's putting his name to an instrument made void by statute, and then in an action by the payee, who had full knowledge and was party to the illegality, coming in and testifying to the facts which avoid that instrument, than there would be in putting his name to an instrument made void by the common law, and then testifying in an action by the party who had equal knowledge to the circumstances which avoid such note. There is no greater turpitude in the one case than in the other, nor any greater danger of fraud upon the holder; and it would seem, therefore, that the policy was the same, and that the exclusion should exist in the latter case as well as in the former.

2. The attempt to impeach the note fails, because the evidence proves no illegality in the consideration of the transfer to Johnson. Cro. Jac. 612, *Parker* v. *Brown* ; 2 Com. on Con. 466 ; Strange, 674, *Jeffries* v. *Austin.*

The contract was like an agreement not to exercise a trade in a particular place.

3. If there be any thing illegal, it is made so, not by the common law, but by the English statutes adopted here. Bac. Abr. Office F; Cro. Eliz. 529, *Lee* v. *Coleshill* ; 3 P. Wms. 391, *Law* v. *Law.* The note, therefore, would be void in the hands of an innocent endorsee, and the witnesses were inadmissible even on the principle suggested in *Bryant* v. *Ritterbush*, 1 N. H. Rep. 112.

4. If that part of the consideration for the transfer to Johnson which relates to his relinquishing the office, and procuring it for Knights, should be considered illegal at common law, still the other part of the agreement, to wit, that he should aid K. in the discharge of the duties of the office, was good and valid ; and the illegal part being forbidden, not by statute, but by the common law only, the good part of the consideration will avail, and the transfer was not void.  Hobarts Rep. 14, *a. Norton* v. *Simmes ;*  Com. Dig. Covenant, F.

Johnson was, therefore, an endorsee for value, and is entitled to recover against the promissors, more especially as he had no knowledge that it was an accommodation note.   Chitty on Bills, Phil. Ed. 240 ; 3 East, 317, *Arden* v. *Watkins ;* 1 Camp. 45, *Wallace* v. *Hardacre ;* 3 Esp. Rep. 46, *Smith* v. *Knox.*

If there was any thing in the transfer which might furnish a valuable consideration, the plaintiff is entitled to recover, and with the adequacy or inadequacy of that consideration, as between the plaintiff and endorsee, the defendant has no concern.

5. If any part of the consideration is good, and the remainder void by the common law merely, the plaintiff is at least entitled to recover, *pro tanto.*  He would be so entitled, even if he had taken the note with notice that it was accommodation paper.  1 Esp. R. 261, *Whiffen* v. *Roberts ;* 7 Johns. 361, *Brown* v. *Mott ;* 13 Johns. Rep. 52, *Braman* v. *Hess.*

*J. Bell,* for the defendant, contended, that when a contract was entire, if any part were illegal, the whole contract was void.  8 Johns. 256 ; Cro. Eliz. 199 ; Cro. Ja. 103 ; 2 B. & C. 661 ; 4 N. H. Rep. 285, *Roby* v. *West.*

*By the court.*  The first question to be settled in this case is, whether the witnesses introduced by the defendant were competent witnesses to prove the facts on which the defence is placed ?  They were co-signers of the note, but had been released by the defendant from all

liability to contribution. It is settled, that under these circumstances, they cannot be excluded on the ground of interest. 3 N. H. Rep. 115, *Ames* v. *Withington.*

Nor is there any thing in the nature of the facts which the witnesses were called to prove, which can exclude them from testifying. They were called to show that the note was an accommodation note, and was passed to Johnson upon an illegal consideration. The rule is, that a party to a negotiable security shall not be permitted to testify facts which render it void, even in the hands of an innocent endorsee. But want of consideration is no defence to a note in the hands of such an endorsee for a valuable consideration. 2 N. H. Rep. 212, *Bryant* v. *Ritterbush.*

Nor can the note be impeached in the hands of such an endorsee, on the ground that it had passed from Knight to Johnson under an illegal contract. 1 East, 91, *Parr* v. *Eliason* ; Chitty on Bills, 72.

We have therefore no hesitation in overruling the objection to the competency of the witnesses.

The next question is, whether the consideration on which the note was transferred from Knight to Johnson was illegal ? The consideration was, in fact, the sale of the office of deputy sheriff—an office of trust which concerns the administration of justice, and which it is clear from adjudged cases cannot be the subject of a sale. 2 N. H. Rep. 517, *Meredith* v. *Ladd* ; 2 Carr. & Payne, 1, *Waldo* v. *Martin* ; 4 B. & C. 319, S. C.

The contract between Knight and Johnson was illegal and void; and this note was a mere accommodation note, made to be passed to Johnson under that contract. It is then clear that Johnson, who is the real plaintiff in this case, can maintain no action upon the note.

It is said that a part of the consideration was legal, and that this is sufficient to sustain the note. But where the contract is entire, if a part of the consideration be illegal, the whole contract is void.