## Davis, Adm'r, *vs.* Stevens.

Where a note was paid by one of two joint promisers, but it was agreed betwixt such joint promiser and the payee that the payment should be kept secret, and only half the amount of the note should be endorsed, and the balance should be collected by the payee for such promiser—*Held*, that such payment was a discharge of the note, so that suit could not be sustained upon it; and that the co-promiser was liable only for contribution.

Assumpsit, to recover the balance of a note to plaintiff's intestate, dated the 23d day of February, 1824, for $70·00, with interest after January, 1825, and signed by the defendant and one Samuel D. Stevens, on which note were the following endorsements:

"Interest paid on the within, until 1827."

"February 1, 1833. Received thirty-six dollars and sixty cents, by Samuel D. Stevens."

The suit was brought against both of the signers of the note, but service made only on the defendant.

One point in the defence was, that the note had been paid by said Samuel D. Stevens, in the lifetime of the intestate; and in proof of this the defendant produced a witness who testified that on the first day of February, 1833, he was in

Davis *v.* Stevens.

company with the intestate and Samuel D. Stevens, at which time said Stevens observed to the intestate that he wished to have a settlement with him.   It appeared that Stevens had an account against the intestate, amounting to within $14·00 of the note declared on, and there was conversation between them about Stevens paying the whole of the note ; upon which said Stevens observed that if he should pay the whole he could not conveniently collect of Nathan D. Stevens, the defendant, the part which he ought to pay.   After some further conversation it was agreed that said Samuel should pay the whole amount of the note, and that it should be kept a secret from Nathan D. Stevens—that the part which Samuel ought to pay should be endorsed on the note, and the note still remain in the hands of the intestate, who should collect the balance of Nathan D. Stevens and pay it over to Samuel Stevens : in pursuance of which understanding Samuel then discharged his account against the intestate, and gave him a note of $14·00 for the balance.   The sum of $36.66 was endorsed as above by Samuel, and the note was left with the intestate, to collect the balance for his, Samuel's, benefit. Whereupon, a receipt was written, and given by the intestate to Samuel, of which the following is a copy :

"February 1, 1833.   This day received one dollar of Samuel D. Stevens, in full of all demands.

Ambrose Foss."

Upon this evidence the court charged the jury that if they believed the note declared on was paid by said Samuel to the intestate, in the manner and with the understanding represented by the witness, it was thereby extinguished, and the present action upon it could not be sustained.   Whereupon the jury returned a verdict for the defendant—to which instructions the plaintiff excepted, and moved for a new trial.

*Britton, & Bell,* for the plaintiff.

*Quincy,* for the defendant.

UPHAM, J. It is a general rule that when a note has once been paid by the parties to it, it ceases to be negotiable, and a suit cannot be founded upon it. It was so holden in the case of *Bryant* vs. *Ritterbush*, 2 *N. H. Rep.* 212. There are exceptions, however, to this rule, where a note is taken up by an individual who is merely collaterally interested. Thus, where a note is taken up by an endorser who is not directly liable on the note, it may again be put in market. The promiser is not, in such case, prejudiced by such a transfer, and the note remains good as against him. 7 *N. H. Rep.* 202, *Cochran* vs. *Wheeler;* 17 *Mass. R.* 615, *Guild* vs. *Eager.*

Where a note is taken up under such circumstances, it is not in fact paid. An individual discharges his liability as guarantee merely, but the general promise of the note remains unextinguished. But such is not this case. Here, if payment is made at all, it is made by a co-signer.

But where one of two joint promisers, who is liable directly upon the note for its whole amount, pays such note, the note is necessarily extinguished. Whenever he discharges himself from the note by such payment, the payment goes to the whole promise of the note; and when the entire promise of the note is met and extinguished, it cannot afterwards be revived as a subsisting contract against a co-signer. New rights and liabilities arise betwixt the co-signers, but the original contract is at an end.

It is contended here, however, that the note never has been paid—that the money advanced by the co-signer was not designed as payment of the note, and was not received as payment, but was a mere collateral arrangement, by which the promisee, on being made secure from any loss, engaged to enforce the note against the co-signer. If such were the arrangement it would clearly be no payment.

It could not be payment, because whenever such an arrangement exists the promiser making it is still liable upon the note.

Davis *v*. Stevens.

It is clear, however, from this case, as drawn, that no suit can be maintained against Samuel D. Stevens, the other promiser. The case finds that it was agreed betwixt him and the promisee, that said Samuel should pay the whole amount of the note, but that it should be kept secret from the other signer, and only half the face of the note should be endorsed, and the balance the promisee was to collect, not as his money, or for his debt, but should collect it, and pay it over to said Samuel.

At the same time the promisee gave Samuel D. Stevens a receipt against this note, in full of all demands.

It was not, therefore, a deposit of security merely for any loss which might arise from proceeding against the other signer, and therefore a collateral agreement, but was an actual payment and discharge of the note.

The co-signer has his appropriate remedy for contribution, but no suit can be sustained on the original contract. There must, therefore, be

*Judgment on the verdict for the defendant.*