## George Fisher *vs.* Daniel Leland, Jr., & others.

The maker of a promissory note, which has been transferred by indorsement before it became due, with a notice to the indorsee, that the maker intended to refuse payment, on the ground, that the note was obtained from him by the fraud of the payee, may prove such fraud in defence to an action against him by the indorsee, and for this purpose may give evidence of the admissions of the payee, whilst he was the holder of the note, and before the indorsement.

This was an action of assumpsit on a negotiable promissory note, made by the defendant Leland, as principal, and the other defendants, Fogg and Harrington, as sureties, to one James Luke, Jr., or order, and by him, before maturity, indorsed to the plaintiff.

The defendants pleaded the general issue, and filed a specification of defence, in which they set forth that they should undertake to prove that the note relied on by the plaintiff was obtained by Luke, the payee, by fraud and fraudulent misrepresentation and without consideration; of

all which the plaintiff had notice when he took the note. The defendants further alleged, in their specification, that Leland and Luke, who were formerly partners, dissolved their partnership in March, 1847, Luke assigning to Leland his interest in the concern, and Leland giving Luke the note in question, with others, and a bond to pay the liabilities of the firm; that Luke kept the books of the partnership, and, at the time of the dissolution, knowing that Leland relied on his statements, represented to him that the assets of the concern were greater and the liabilities much less than they were in fact; that he also withheld from Leland knowledge of the fact, that he, Luke, had appropriated to himself certain funds of the concern and the proceeds of certain debts due the same; that he thus induced Leland to give the notes, of which the note in question was one, and the bond above mentioned; and that herein consisted the fraud, misrepresentation, and want of consideration, of which the plaintiff had notice.

At the trial, before *Byington*, J., in the court of common pleas, the defendants offered evidence that the plaintiff took the note with notice that it was obtained by fraud, and would not be paid by any party to it. There was no evidence of the death of Luke, but the defendants then offered to prove by his admissions made while the note was held by him, and before its indorsement to the plaintiff, that he made such representations. To this evidence the plaintiff objected, but the judge admitted it.

In order to show knowledge on the part of Luke of the falsity of these representations, and for other reasons, the defendants offered to prove specific acts of fraud committed by Luke, against Leland, such as misappropriating the assets of the firm, altering the books of account, &c., before and at the time of the making of the note, and as inducements thereto. To this evidence the plaintiff objected, but the court admitted it.

The jury returned a verdict for the defendants, and the plaintiff thereupon alleged exceptions to the above rulings.

*B. F. Jacobs*, for the plaintiff.

*G. M. Brown*, for the defendants.

SHAW, C. J.   The single question is, whether, after the defendant had proved that the plaintiff took the note in question by indorsement before it was due, but with notice that the promisors intended to defend on the ground, that the note was obtained by the payee of the maker by fraud, they could give in evidence the fraudulent acts of the payee; and whether they could give in evidence the admissions and confessions of the payee, whilst he was the holder of the note and before the indorsement, to prove such fraud.   The distinction appears to be this: that when an indorsee takes a bill or note, by indorsement, before it is due, and without notice of fraud or other matter of defence, he takes it on an 'ndependent title by the indorsement, and will not be affected by any payment, set-off, fraudulent consideration, or )ther matter of defence, which the acceptor or promisor might 1ave had against any previous holder or prior party.   He is ,iot in privity with such prior party, does not claim under 1im, and is not bound by the acts, frauds, or admissions )f any such prior party.   And in order to give the highest ;redit and the freest circulation to negotiable securities, transferred by indorsement, in favor of commerce, this principle is held with great firmness and strictness; and by a series of recent decisions, the rule upon the subject, instead of being relaxed, is held with greater strictness than formerly.   *O'Keefe* v. *Dunn*, 6 Taunt. 305; *Dunn* v. *O'Keeffe*, 5 M. & S. 282; *Gill* v. *Cubitt*, 3 B. & C. 466; *Goodman* v. *Harvey*, 4 Ad. & El. 870; *Foster* v. *Pearson*, 1 C. M. & R. 849; *Arbouin* v. *Anderson*, 1 Ad. & El. N. S. 498.

But where a negotiable note is found in circulation after it is due, it carries suspicion on the face of it.   The question instantly arises, Why is it in circulation, — why is it not paid? here is something wrong.   Therefore, although it does not give the indorser notice of any specific matter of defence, such as set-off, payment, or fraudulent acquisition, yet it puts him on inquiry; he takes only such title as the indorser himself has, and subject to any defence which would be made,

ıt the suit were brought by the indorser. The note does not cease to be negotiable; the indorsee takes a title, and may sue, but he is so far in privity with his indorser that he takes only his title; and if the defendant could make any defence against a suit brought by such indorser, he can make it against the indorsee.

This rule is settled in the case of a suit by an indorsee taking the note overdue, by a series of authorities, which show not only that such defence may be made, but that it may be proved by the same evidence, by which it might have been proved if the indorser were plaintiff, to wit, the admissions of such indorser, made whilst he was the holder. *Sylvester* v. *Crapo*, 15 Pick. 92; *Barough* v. *White*, 4 B. & C. 325; *Phillips* v. *Cole*, 10 Ad. & El. 106; *Beauchamp* v. *Parry*, 1 B. & Ad. 89. These authorities might be multiplied almost indefinitely.

But the indorsement of a note overdue is only one mode of giving the indorser notice, that there is some matter of defence relied on; if he has express notice, he may take it and may sue the note, but he takes subject to such defence as the defendant might make against the indorser.

The case in an early volume of the reports of this court, *Wilson* v. *Holmes*, 5 Mass. 543, was one where the plaintiff had notice in the form of the indorsement, which was: " Pay T. W., or order, for our use, value received in account." See *Humphries* v. *Blight*, 4 Dall. 370; *White* v. *Nubling*, 11 Johns. 128. In the early leading case on this subject, *Brown* v. *Davies*, 3 T. R. 80, 83, lord Kenyon, who was not disposed to go quite the length of the doctrine held by Mr. Justice Buller, says: " I agree, &c., if it appears on the face of the note to have been dishonored, or if knowledge can be brought home to the indorsee that it had been so." In a note to the same case, in *Taylor* v. *Mather*, where the defence was, that the note was obtained by fraud, and where it was negotiated when overdue, Buller, J, says: " Such a note is negotiable. but if there are any circumstances of fraud in the transaction, I nave always left it to the jury, on the slightest evidence, to presume that the indorsee was acquainted with the fraud."

It seems, therefore, that it is not that the indorsement of a note after it is due is, *per se,* such as to render the note void, or to defeat the right of the plaintiff; but if there are anterior circumstances, such as fraud in obtaining the note, the fact that the indorsee takes it when overdue, is a circumstance of suspicion, which should put him on inquiry, and leads to a presumption that he knew, or by inquiry might know, of such fraud, and is deemed constructive notice of it. It identifies the title of the indorsee with that of the indorser.   This being so, actual notice of such fraud, brought home to the knowledge of the indorsee at the time he took the note by indorsement, is equally availing to prove that he is not a *bona fide* holder, and to give the defendant the same ground of defence as he would have had against the indorser.                               *Exceptions overruled.*