Mr. Chief Justice Sharkey
delivered the opinion of the court.
The plaintiff brought this action to recover money paid by him in Georgia, as surety for Jolly, the defendants’ intestate. He introduced the record of a judgment recovered in that state against the plaintiff and others. By the pleadings set out in the record, it appears that the bond, on which the judgment was rendered, was a forthcoming bond, given by Jolly as principal and the others as sureties to the sherifF, conditioned for the delivery of certain personal property. For a breach of the condition, suit was instituted against all of the obligors, though Jolly was not served with process. A judgment was recovered against the other obligors, and they paid the money on the execution. The plajntiff also proved by the depositions of the sherifF, and the attorney who brought the suit in Georgia, the payment of the money by the plaintiff and his co-defendants as sureties. But the bond was not introduced, nor was it set out in the record, otherwise than by the pleadings.
On this evidence the court gave certain instructions, which were made the grounds of exceptions. They may be considered as presenting two questions: 1st. Was the transcript of the record, which was before the jury, evidence that the plaintiff was bound in the bond as surety of Jolly, or was it necessary to prove the execution of the bond, and the suretyship of plaintiff, by other evidence? 2d. Were the depositions evidence that Jolly was principal in the bond, and the plaintiff and the others sureties, as stated in said depositions?
It is said that, as Jolly was not served with process, he was not bound by the record.
In an action by a surety for money paid, he must prove the original agreement by proof of the bond or other contract; and if the fact do not appear on the face of the bond itself, it must be proved by other means, and that the plaintiff became surety at the request of the defendant. If he was compelled to pay by *300 execution, a copy of the judgment and writ should be produced. 3 Stark. Ev. 1383.
The record of this judgment was properly admitted to prove that the plaintifFhad been sued, and that he had paid the money on the execution which emanated on the judgment. A record is always admissible to prove the judgment as a fact, and its legal consequence. 1 Stark. Ev. 188. Was the court correct in saying the judgment did not legally establish the fact that the plaintiff was but a surety? The bond is not set out in the record, but in the declaration it is stated as a bond given by Jolly as principal, and his co-obligors as securities. This was an immaterial averment, not necessary to be proved. Whether the plaintiff was surety or not, was a point not adjudicated upon. It was entirely immaterial to the plaintiff's right of recovery; it constituted no part of the cause of action ; it was by no means necessary to prove that Jolly was principal and the others sureties, nor did the pleas raise such a question. The suit was on a b©nd with condition, and the question was, Had the condition been broken? When a record shows that the fact sought to be established by it was adjudicated upon, and that judgment could not have been given without deciding the point, it will be considered as settled by the judgment; but otherwise it will not. 3 Cowen & Hill’s Notes to Phillips, 845. The court was correct, then, in saying the record did not legally establish the fact of suretyship.
Was the court correct in charging the jury that the depositions did not legally establish the fact that Jolly was principal and the others sureties, but that such fact must be established by other legal evidence ? We have shown that it is generally incumbent on the party to produce the bond, and if that do not show who was principal and who surety, other proof may be resorted to. Under this rule, these depositions would have been incompetent, except in explanation of a matter which did not appear on the bond after it had been introduced. But they were read to the jury without objection, and they fully establish the fact that Jolly executed the bond as principal, and the plaintiff as one of his sureties, and also the payment of the money by the plaintiff. No objection whatever was made until the court was *301 called on to charge the jury. This was too late. The party must be held to have waived the objection to the competency by permitting the depositions to be read without objection, or, at all events, by failing to make the objection untiL after the plaintiff had closed and the case was submitted to the jury. Carter v. Taylor, 6 S. & M. 367; Carter v. Graves, 6 How. 9; Russell v. Union Ins. Co. 1 Wash. C. C. Rep. 409, 441; White v. Kibling, 11 Johns. 128.
For this error the judgment must be reversed, and the cause remanded.