# HILLSBOROUGH,

## JULY TERM, A. D. 1854.

## CARLETON *v.* WOODS & *a.*

Where the contract is entire, and the consideration for the promise in part illegal, the contract is void.

Where an entire stock of goods is sold at one and the same time, but each article for a separate and distinct agreed value, the contract of sale is not to be regarded as entire and indivisible, and if the sale of some of the articles be prohibited by law, the illegality will not render the sale of the other articles illegal also.

ASSUMPSIT. The declaration contained counts upon several promissory notes, and also a count for goods sold and delivered. It appeared, by the admission of the parties, that in the year 1850, the plaintiff agreed to sell to the defendants his stock of goods and groceries. The price to be paid was the cost and freight of the articles. In order to ascertain the cost, a schedule of the articles was made, and the cost of each article was separately carried out. The columns were then added up, and for the sum total of the prices, which was divided into several parts, the defendants gave several promissory notes.

Among the articles sold were some spirituous liquors, the price of which formed a part of the consideration of the notes, the plaintiff not being a licensed retailer.

The defendants contended that the contract was an entire one, that a part of the consideration was illegal, and that the plaintiff could not recover any part of the price of the articles.

Carleton *v.* Woods.

The plaintiff contended that the price of the spirituous liquors was distinct from, and independent of the price of the other articles, and could be readily ascertained; that the consideration was divisible, and that he should recover the sum due for the articles, excepting the price of the spirituous liquors.

A verdict was taken by consent for the plaintiff, for three hundred forty-three dollars and forty-four cents, the cost of the goods remaining unpaid, excepting the spirituous liquors, on which judgment was to be rendered, or it was to be set aside, and judgment rendered for the defendant, as the opinion of the court should be on the foregoing case.

*Atherton & Sawyer*, for the plaintiff.

There is a distinction between the contract and security.

Lord *Mansfield* said, in the case of *Robinson* v. *Bland*, 2 Burr. 1077, upon a bill of exchange given for money won and lent at play, at the same time and place, " No action can be maintained for the money won," but, under law then existing, " an action could be sustained for money lent," and says further, " there is a distinction between the contract and the security. If part of the contract arises upon a good consideration and part of it upon a bad one, it is divisible." And upon the money counts the plaintiff recovered for the money lent. The question of the divisibility of the contract is there distinctly settled.

The same doctrine is settled in *Yunett* v. *Roberts*, 5 Serg. & Raw. 139. Justice *Duncan* says, " If part of the contract arises on a good and part on a bad consideration, they are divisible; the legal contract remains, and the party has a right to maintain his action for so much of his demand as is legal.

Chitty on Contracts, section 11, of contracts void by statute, p. 692, says, " If any part of the entire consideration for a promise, or any part of an entire promise, not in its nature capable of separation, be illegal, either at common law or

by statute, the whole agreement is void ;" thereby implying that if in its nature it is capable of separation, a different rule obtains, and it may be good.

And in *Thurston* v. *Percival*, 1 Pick. 415, the court held the same doctrine. The action was assumpsit for services of an attorney in prosecuting a suit at law, the attorney having agreed to take ten per cent. for his pay on all he might recover; the court held it to be champerty, but held he might recover for his services up to the time of making the illegal agreement, thereby making the agreement divisible.

The two cases, *Carleton* v. *Whitcher*, 5 N. H. Rep. 196, and *Hinds* v. *Chamberlain*, 6 N. H. Rep. 225, were actions upon the security taken, or notes, and the promise being entire, the notes were held void ; the question of divisibility was not considered ; there were no counts on the contract. But in *Hinds* v. *Chamberlain*, the court say, " there are no data by which the consideration could be divided."

Now the leading cases which go to establish the doctrine " where the contract is entire, if a part of the consideration be illegal, the whole contract is void," are *Chater* v. *Beckett*, 7 Term Rep. 204; *Scott* v. *Gilmore*, 3 Taunt. 226. In the former, *Groce*, J., says, " it was an indivisible contract," and in the latter the action was brought upon the security or bill of exchange, and therefore could not be apportioned.

The case here finds it to be divisible, and the plaintiff ought to recover on his count for goods sold, &c., which were not prohibited, &c.

*O. W. Lull*, for the defendants.

The sale of spirituous liquors without a license is an illegal contract ; the contract is void ; the parties to it are " in *pari delicto*," and neither party can maintain an action that requires for its support the aid of such illegal contract. 14 N. H. Rep. 294, 431 ; Livingston's Law Magazine, p. 53, 105 ; 4 N. H. Rep. 285, and cases cited ; 10 N. H. Rep. 377 ; 14 Mass. Rep. 322 ; 15 Mass. Rep. 35 ; 17 Mass. Rep.

258, 278; *Little* v. *Poole*, 9 Barn. &. Cress. 192; *Foster* v. *Taylor*, 5 Barn. & Adolph, 887. And this is true of all contracts whenever the consideration which is the ground of the promise, or the promise which is the effect or consequence of the consideration, is unlawful. In such cases the contract is void. *Belding* v. *Pitkin*, 2 Caines, 149; 17 Mass. Rep. 278.

In this case there was a promise on the part of the defendants to pay the plaintiff a gross sum, as much as the price of the different articles composing the stock of goods bought, and the freight of the same, should amount to.

Now what induced, what was the cause of this promise? was it a hogshead of molasses? No. Was it a gallon of rum? No. It was the transfer of the stock of goods from the plaintiff to the defendants.

But this transfer of the liquors without a license was unlawful, and this illegality taints the inducement to the defendants' promise to pay, and renders their promise void.

An illegal contract is not divisible. The plaintiff cannot recover unless he is entitled to recover upon the whole contract. 14 N. H. Rep. 48; 5 N. H. Rep. 196; 4 N. H. Rep. 290; 9 N. H. Rep. 197; Chitty on Con. 657; *Gray* v. *Hooke*, reported in Livingston's Law Magazine, p. 53; Story on Promissory Notes, § 190; Story on Con. § 459; 15 Pick. 157, 167. This was a contract for a single stock of goods, for a certain gross sum, for that in law is certain that is capable of being rendered certain. There was no other than this single contract.

The plaintiff grants he cannot recover on the whole of this contract, and if not on the whole, he cannot recover at all.

The true test whether a demand connected with an illegal transaction is capable of being enforced or not is, does the plaintiff require any aid from the illegal transaction to establish his case? 7 Taunt. 246; 4 N. H. Rep. 290; Chitty on Con. 657; 3 Bouvier's Institutes, 611. Tried by

Carleton *v.* Woods.

this test, the suit in consideration fails. How will the plain-tiff prove the material statements in his declaration without resorting for aid to the illegal contract?

This illegal contract is their whole ground of action.

In all contracts which are unlawful, on account of being against public policy, the parties are " in *pari delicto*," and the maxim applies, " *potior est conditio defendentis*."

Granting all the plaintiff claims, to wit, that the price of the spirituous liquors is distinct from, and independent of the other articles, (which is not true,) and could readily be ascertained, still authorities intimate and decide that he could not then recover. *Scott* v. *Gilmore*, 3 Taunt. 226; 6 Esp. 24; Saund. Pl. and Ev. 306.

The dicta of *Parker*, J., in the last three lines in *Hines* v. *Chamberlain*, 6 N. H. Rep. 231, were in reference to a point he expressly waived deciding, and he previously intimated that if it were to be decided it should, upon authority, be decided directly the reverse of what he suggests in his dicta.

WOODS, J. The counts upon the notes are not main-tained. The consideration of the several notes was in part illegal. Where the contract is entire, the consideration for the promise, in part illegal, will not sustain it. *Carleton* v. *Whitcher*, 5 N. H. Rep. 196; *Crawford* v. *Morrill*, 8 Johns. 195; Chitty on Con. 61.

But the case in relation to the counts for goods sold and delivered, stands differently. The various articles sold may well be regarded as sold separately, each article constituting the consideration for the promise to pay the price agreed for it. By the contract, each article was to be separately val-ued. Its value was to be determined by its original cost and freight, and that price was to be paid for it. The bar-gain was, in effect, a contract to pay for each article a price to be determined in the manner before stated. The consid-eration for the promise to pay for the goods is not to be re-garded as one and indivisible. The sale and delivery of

Carleton *v.* Woods.

each article formed the consideration, in this case, for the promise to pay the price of it. The contract was divisible. The fact that the whole stock of goods was sold at the same time can make no difference. The terms of the agreement are to be looked at in determining its character. It was not the case of the sale of an entire stock of goods, for an entire price for the whole, without reference to the value of the separate articles sold. Instead of that, there was in fact a particular sum agreed to be paid for each article sold. This, we think, was the legal effect of the contract. And while the separate values of the articles sold can be ascertained, as fixed by the parties, the principle is not readily seen which would defeat the right of recovery for the stipulated price of that portion, the sale of which was legal. Under a count like the present, less may be recovered than is declared for. A recovery may be had for a part, although the claim made may be defeated in part. We are unable to see how this case differs from the case of a sale by a merchant of various goods to his customers, at one and the same time, for separate values, stated at the time, which, when computed, would of course amount to a certain sum in the aggregate. Where in such case the goods are charged to the customer, and the sale of a part of the goods should be found to be illegal, we think it would be difficult to maintain, upon any legal or equitable principles, that under a proper declaration the value of the goods which were proper and legal articles of sale could not be recovered. The contract for the goods sold in this case then, not being entire but divisible, and the prices of the several articles being agreed by the parties, and readily ascertainable, we are of the opinion that the plaintiff is well entitled to recover, under the count for goods sold and delivered, the agreed price of the goods sold, excepting the spirituous liquors, and that there must therefore be,

*Judgment on the verdict.*