## Barton *versus* Fetherolf.

*Endorser of Promissory Note, Competency of as Witness for Defendants.*

1. The endorser of a promissory note is not a competent witness to show matters of defence existing anterior to and at the time of negotiating the note; as that it had been negotiated after it had been paid and taken up by the party bound to see to its payment, for whose accommodation it was drawn; and that the negotiation was after maturity and without the knowledge of the endorsers.

2. But he may testify to facts amounting to subsequent payment, and if negotiation after maturity be first proved *aliunde*, he is competent to prove that it had been fraudulently negotiated.

ERROR to the Common Pleas of *Lehigh county.*

This was an action of debt, brought November 6th 1857, by Daniel L. Fetherolf against Isaac Barton, to recover the amount alleged to be due upon a promissory note, signed and delivered by the defendant, to the order of Fetherolf, Montgomery & Co., and endorsed in blank by the latter.

To a declaration setting forth the note in form, the defendant pleaded *nil debet*, to which was added the plea of payment with leave, &c.

On the trial the plaintiff gave in evidence a promissory note, dated May 1st 1857, Isaac Barton to Fetherolf, Montgomery & Co., at 60 days, for $420, endorsed in blank by payees, and rested.

The defendant then called Alexander Montgomery, and offered to prove by him the truth of the matters set forth in a notice of special matter, which was served on the plaintiff according to the rules of the court, viz., that he, the defendant, signed and delivered the note upon which the above suit was brought to Fetherolf, Montgomery & Co., of the city of Philadelphia, the payees named therein as an accommodation note, for which' the said defendant never received any value whatever. That the said firm of Fetherolf, Montgomery & Co., handed over the said note endorsed by them to James E. Lewars & Co., as collateral security, for the payment of the check of the former, given to the latter for an indebtedness to them. That the said check or checks, to secure the redemption of which the said note had been given, were redeemed, and taken up by the said Fetherolf, Montgomery & Co., a day or two after its or their maturity, at which time the said note (and after its maturity) was returned by the

said James E. Lewars & Co. to the said Fetherolf, Montgomery
& Co., and was by Alexander Montgomery, one of the said firm,
locked up in the fireproof of the said firm. That the said note
remained in the said fireproof about two months after its matu-
rity and redemption, when it fell into the hands of the plain-
tiff, who is a brother of Amos Fetherolf, one of the firm of
Fetherolf, Montgomery & Co., without the consent or knowledge
of Alexander Montgomery, one of the other members of the said
firm. That the said note, therefore, at the time it fell into the
hands of plaintiff, was overdue, and the passing of it to plaintiff
was a fraud upon those members of the firm who were not cogni-
sant of the act at the time it was done. That on the evening of
the day of the maturity of the said note, defendant called upon
Fetherolf, Montgomery & Co., and demanded it, when he was
told by Amos Fetherolf, one of the firm, that defendant's name
was torn off.

At the instance of the plaintiff, the witness was examined on
his *voire dire,* when he answered as follows :—" I was a member
of the firm of Fetherolf, Montgomery & Co. The endorsement
on this note is in my handwriting."

The plaintiff's counsel thereupon objected to the witness as
incompetent. The court (FINDLAY, P. J.) sustained the objec-
tion, rejected the witness, and sealed a bill of exception for the
defendant.

The defendant then offered to prove, by the same witness, that
" after the maturity of the note it was returned to the said
Fetherolf, Montgomery & Co., and the title to the same then
became vested in them;" to which offer the plaintiff objected.
The court sustained the objection, rejected the evidence, and
sealed a second bill of exceptions for the defendant.

The defendant thereupon offered to prove by the same witness
all the matters of fact set forth in his notice of special matter,
excepting want of consideration in the giving of the note and
transfer, to which the plaintiff objected as too indefinite, and as
immaterial and irrelevant, and because the witness was incompe-
tent. The court sustained the objection, rejected the evidence,
and sealed a third bill of exceptions for defendant.

The defendant then offered to prove, by the same witness, that
the firm of Fetherolf, Montgomery & Co. paid the said note to
James E. Lewars & Co. two days after maturity, and that at the
time of said payment the said note was in the possession of said
James E. Lewars & Co.; to which the plaintiff, by his counsel, ob-
jected, on the ground that the witness was incompetent, and the
evidence irrelevant and immaterial. The court rejected the evi-
dence, and sealed for the defendant a fourth bill of exceptions.

The defendant then produced and delivered to the witness a
release " of and from all claims, demands, accounts, reckon-

ings, which he then had, or thereafter might or could have, by reason of any matter, cause, or thing, touching the suit, or the transfer by the firm of Fetherolf, Montgomery & Co. to any person, or at any time whatever, of a certain promissory note drawn by him to their order, and upon which the above suit is brought," and then renewed *seriatim* the offers above mentioned; all which were rejected by the court, and exceptions noted.

The defendant, thereupon, offered to prove by the same witness all the matters contained in his notice of special matter, except the following, to wit:—"That he, the defendant, signed and delivered the note on which suit is brought to Fetherolf, Montgomery & Co., of the city of Philadelphia, the payees named therein, as an accommodation note, for which the said defendant never received any consideration whatever." * * * * "When it fell into the hands of plaintiff, who is a brother of Amos Fetherolf, one of the firm of Fetherolf, Montgomery & Co., without the consent or knowledge of Alexander Montgomery, one of the other members of the said firm. That the said note, therefore, at the time it fell into the hands of the plaintiff, was overdue, and the passing of it was a fraud on those members of the firm who were not cognisant of the act at the time it was done. That on the evening of the maturity of the note the defendant called on Fetherolf, Montgomery & Co., and demanded it, when he was told by Amos Fetherolf, one of the firm, that his defendant's name was torn off." To this offer the plaintiff by his counsel objected, the court sustained the objection, rejected the evidence, and sealed a bill of exceptions for defendant.

There being no further evidence in the case, the jury, under the direction of the court, returned their verdict in favour of the plaintiff for the amount of the note and interest. Judgment having been entered on the verdict, the defendant sued out this writ, and assigned for error here the rejection of the evidence offered as above stated.

*Marx & Runk*, and *Samuel A. Bridges*, for plaintiff in error, argued that the witness was competent to prove any matters that occurred *subsequently* to the inception of the note and the endorsement, and that all that was proposed to be proved had occurred after the note in suit had been given and endorsed in the usual course of business. Walton *v.* Shelly, 1 Term Rep., goes no further than to prohibit one who has given currency to a paper by his signature from proving anything affecting its validity that had occurred before it passed out of his hands. In this state the rule is restricted to negotiable instruments actually negotiated in the usual course of business: Mitchell *v.* Conrow, 5 Whart. 576; Gilpin *v.* Howell, 5 Barr 53; Montgomery Bank *v.* Walker, 9 S. & R. 236; Baird *v.* Cochran & Dowling, 4 Id.

[Barton *v.* Fetherolf.]

397; Baring *v.* Shippen, 2 Binn. 159; Kirkpatrick *v.* Muirhead, 4 Harris 128, and cases there cited; Appleton *v.* Donaldson, 3 Barr 389; Work *v.* Kase, 10 Casey 138; Maynard *v.* Nekervis, 9 Barr 382; Bank *v.* Fordyce, 9 Id. 276.

*R. E. Wright,* and *Reeder & Green,* for defendant in error.— The question is whether, in an action by the endorsee against the maker of a negotiable note actually negotiated, the endorser is a competent witness for the maker to prove want of consideration between the original parties. The proposition in this form is not and cannot be controverted on the other side. It is said the witness was competent, *because* the note was not negotiated until after maturity, and the matters proposed to be proved were matters occurring after maturity, and which did not relate to the inception of the note. But the matters occurring after maturity are not any defence by themselves, and of their own force. For, if the maker had received full value of the note he would be just as much bound to pay it to the plaintiff, notwithstanding it had been transferred to Lewars & Co., and by them returned to the payees, and endorsed to plaintiff by the latter after maturity. The only use to be made of these circumstances is to show that the note having been in possession of Lewars & Co. at and immediately after its maturity, was endorsed to plaintiff after maturity. The substantial defence, then, is want of consideration. The endorser is the sole witness offered. By him alone the whole defence, every fact alleged, was to be proved. We can afford to concede that the defence, want of consideration, is good against paper negotiated after maturity, and even that it might be proved by the endorser, if the preliminary fact, to wit, negotiation after maturity, is proved *aliunde.* But we contend that he is not competent to make this preliminary proof—first, to remove the disqualification by his own testimony, and then give evidence in chief. This distinction is clearly taken, and has been many times held by this court: Griffith *v.* Reford, 1 Rawle 197; Kirkpatrick *v.* Muirhead, 4 Harris 128; Parke *v.* Smith, 4 W. & S. 287.

The matter of the defence may be proved by the witness *after* this primary fact is established, but the latter can only be proved by other evidence: Gilpin *v.* Howell, 5 Barr 52; Harding *v.* Mott, 8 Harris 472.

The offer was to prove that the endorsement to plaintiff was after *maturity,* and that is its whole extent; but that is totally distinct from an offer to prove *facts* occurring after *endorsement.*

Endorsement, in the technical legal sense, and as to its consequences, imports negotiation, the inception of the title of the holder. There must be to a perfect endorsement an endorser, the act of endorsing, and an endorsee, who may be either named or not, at the option of the parties.

[Barton v. Fetherolf.]

If a payee writes his name upon the back of a note the day he gets it, and retains it in his possession until shortly before its maturity, and then delivers it to a third person in the ordinary course of business, it cannot be pretended that he may testify to facts which transpired after the writing of his name, and before the delivery of the paper, upon the principle that he may testify to facts occurring after *endorsement*. And yet, that he could thus testify is the plain, logical consequence of the opposing argument.

In Baird v. Cochran, 4 S. & R. 397, the question of the endorser's competency thus to open the way for his own testimony, was not raised, discussed, or decided. Not one word is said upon the subject in the opinion of the court, who only profess to decide that the rule of Walton v. Shelly is confined in this state to negotiable paper, actually negotiated in the due course of business, and that paper negotiated after maturity, is not in the usual course of business.

The opinion of the court was delivered, May 6th 1861, by

THOMPSON, J.—The able argument on part of the defendant in error, placed the ruling of the court respecting the testimony of an endorser, on the true ground. It was, in fact, an offer to show matters of defence, existing anterior to and at the time of negotiating the note. For instance, that it had been negotiated after it had been paid and taken up by the party bound to see to its payment, and for whose accommodation it was drawn; that the negotiation was after maturity, and without the knowledge of the endorser. The endorser, on the authority of all the recent cases, was incompetent to prove this. Baird v. Cochran, 4 S. & R. 397, does not seem to stand in the line of either precedent or succeeding authority. The doctrine of Griffith v. Reford, 1 Rawle 197, Parke v. Smith, 4 W. & S. 287, Kirkpatrick v. Morehead, 4 Harris 128, Gilpin v. Howell, 5 Barr 52, Harding v. Mott, 8 Harris 472, White v. Kibling, 11 Johns. 128, Work v. Kase, 10 Casey 138, fully sustain the ruling of the learned judge. The witness would have been competent to have testified to facts amounting to subsequent payment, or, had the negotiation after maturity been proved *aliunde*, he might have been allowed to testify to the fact that it had been fraudulently negotiated by the custodian of it; but he could not make way for this testimony by his own evidence, and this was the effect of the offer. The court were right in overruling all the offers.

Judgment affirmed.