JOHN ODLIN, *executor, vs.* DANIEL GREENLEAF.

A surety, when the debt, for which he is liable, becomes due, may at once pay the debt, and have his remedy against his principal.

A surety, who pays the debt, may compel a co-surety to contribute, without shewing an inability in the principal to pay.

An action of *assumpsit* is barred by the statute of limitations only in cases, where the time limited in the statute has elapsed after the right of action accrued.

*Indebitatus assumpsit* for money paid, laid out, and expended. The defendant pleaded the general issue, and the statute of limitations.

The cause was tried here at January term, 1825 ; when it appeared, that in the year 1813, the defendant, as principal, and *W. A. Kent,* and *Thomas Wilson,* the plaintiff's testator, as sureties, made and delivered to the Concord bank a promissory note for $750, payable to the bank in sixty days. In 1816, *W. A. Kent,* one of the sureties, paid to the bank the amount of the note ; but this was done without suit, and without consulting the defendant. *Wilson* died in 1818, and the plaintiff, as executor of *Wilson,* in 1820, voluntarily paid to *Kent* one half the sum the latter had paid to discharge the note. This payment was made without the knowledge of the defendant.

A verdict was taken for the plaintiff, subject to the opinion of the court upon the foregoing case.

The defendant contended, that ten years having elapsed since he had known or heard any thing of the transaction, he had a right to rely upon the statute of limitations ; first, upon its letter ; and, secondly, upon its spirit ; because he was deprived by the lapse of time of the means of proving, that he had paid the note, his evidence in writing being lost, and his witnesses dead.

He further contended, that a surety had no right, particularly after six years, to make a voluntary payment, without

consulting his principal, so as to create a new cause of action against the principal, when the original cause of action was barred by the statute of limitations.

*M. Kent*, for the plaintiff.

*G. Kent*, for the defendant.

*By the court.* The defence, upon which this defendant relies, is founded upon a very great misapprehension, in relation to the principles of law, by which the cause must be settled.

Whether a surety, who voluntarily pays the debt, after all remedy to recover it is barred by the statute of limitations, can maintain an action against the principal to recover the money thus paid, or against his co-surety for a contribution, is a question, which does not arise in this case, and need not be examined.

It is settled, that as soon as the debt becomes due by the terms of the contract, a surety may pay it, and at once have his remedy against his principal. 13 *John.* 58, *Mauri vs. Heffernan.*—4 *ditto* 461, *Sluby vs. Champlin.*—16 *Mass. Rep.* 41.—17 *ditto* 464, *Batchelder vs. Fisk.*

And it seems, that a surety, who thus pays, may have his remedy against his co-surety, without shewing an inability in the principal to pay. 2 *B. & P.* 268, *Cowell vs. Edwards.*—2 *ditto* 270.—2 *Esp. N. P. C.* 478, *Turner vs. Davis.*

In this case, when *W. A. Kent*, in 1816, paid the debt, he at once became entitled to an action against *Wilson*, to compel him to contribute, and might have maintained an action for that purpose at any time within six years after the payment. But it was not necessary, that *Wilson*, or his executor, should be compelled by suit to pay, in order to render the defendant liable to them.

When, therefore, the plaintiff, as executor, in 1820, paid to *Kent* one half of the sum, which the latter paid, the right of action in this case accrued; and there is no pretence, that it is barred by the statute of limitations. An action is barred, not by a lapse of ten years, during which a negligent and ungrateful debtor, leaving all to the care of his sureties, has heard nothing and known nothing of the debt, but by a lapse of six years after the right of action accrues.

*Judgment on the verdict.*