## STEPHEN SIBLEY *vs.* HUGH McALLASTER, Exr.

Where L as principal, and S as surety, gave a note to A, and L having died the payee neglected to exhibit the note to L's executor within two years from the grant of administration, it was *held* that the surety still remained liable, and having paid the note was entitled to recover the amount of the executor.

THIS was an action of assumpsit, for $750 money paid, laid out and expended.

The cause was tried at February term, 1835, on the general issue, and a verdict taken, by consent, for the plaintiff, subject to the opinion of the court upon the following case.

Ebenezer Lerned, the defendant's testator, on the 25th July, 1827, gave to the Hopkinton Academy his note of hand for $500, which was signed by the plaintiff as Lerned's surety.

Lerned died on the 6th October, 1831, having made his will and appointed the defendant executor. The will was duly proved and allowed, and the defendant took upon himself the burden of executing it, on the 25th October, in the same year.

In April, 1832, the secretary of the Hopkinton Academy spoke of the note to the executor, who said that he understood there was such a note.

It did not appear that the note was exhibited to the defendant at any time within two years after the will was proved and allowed.

On the 25th March, 1834, the plaintiff paid the note, and on the 27th of the same month demanded the amount thus paid, of the defendant.

*H. Chase* and *I. Bartlett*, for the plaintiff.

*J. Harris*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.

Conceding, for the present, that the note not having been presented to the executor within two years after the grant of administration, no action could have been maintained against him upon the note, we shall proceed to consider whether, notwithstanding this, the surety still remained liable ?

It is well settled, that a discharge of the principal under a bankrupt law does not discharge the surety. 6 *Mass. R.* 33, *Flagg* vs. *Tyler ;* 4 *M. & S.* 334, *Welsh* vs. *Welsh ;* 2 *M. & S.* 39, *Martin* vs. *Brecknell ;* 4 *J. B. Moore* 153, *The London Assurance Company* vs. *Buckle.*

And a creditor is under no obligation to prove his debt under a commission of bankruptcy of the principal, unless the surety gives to the creditor an indemnity for the expense. 4 *John. C. R.* 132 ; 10 *Vesey* 414 ; 6 *do.* 734 ; 2 *John. C. R.* 562.

The surety is the person who trusts the principal, and it is his business to see that the principal pays. A creditor is in no case bound to give notice to the surety that the debt is not paid. 2 *Pick.* 585, *Hunt* vs. *Brigham ;* 2 *Paige's R.* 500, *Sailly* vs. *Elmore ;* 6 *Vesey* 734, *Wright* vs. *Simpson ;* 2 *John. C. R.* 559, *King* vs. *Baldwin ;* 17 *John.* 403, *S. C.*

Such being the general rules of law, it is very apparent that if the principal die, and his estate be administered in the insolvent course, the creditor is under no obligation to present his claim to the commissioners, and procure what he may from that estate. He has a right, in such a case, to look to the surety for the whole amount.

It is the business of the surety to procure the creditor to lay his claim before the commissioners, or to pay the claim and then lay his own claim before the commissioners for the money he may have paid to the creditor.

In England and New-York a surety may, upon certain terms, compel a creditor to proceed against the principal.

The law is otherwise here. But this circumstance is immaterial in this case. In this state the surety may pay the debt when he pleases, and proceed against the principal himself.

We are, therefore, of opinion that although no action could have been maintained against the executor upon the note at the time the plaintiff paid it, still the plaintiff remained liable upon the note, and that he is entitled to recover in this case whatever he paid to discharge himself from that liability.

*Judgment on the verdict.*