Nov. Term, 1839.

Judah
v.
Mieure.

5b 171
126 173

## Judah *v.* Mieure.

If the statements of a third person, whether oral or written, be given in evidence without objection, their admission as evidence cannot be afterwards assigned for error.

If a debt be paid by the surety when it becomes due, he may sue his co-surety at law for contribution, whether the principal debtor be insolvent or not.

APPEAL from the *Knox* Circuit Court.

Sullivan, J.—This was an action of assumpsit brought by a surety against his co-surety for contribution. The plaintiff and the defendant were the sureties of one *William Mieure* on a promissory note payable to the president, directors, and company of the state bank of *Illinois* at their branch at *Mount Carmel.* At the maturity of the note, the principal having failed to pay it, it was paid by the appellee, *John Mieure.* The declaration contains several special counts, setting forth

*Monday, November 18.*

Nov. Term, 1839.

JUDAH
v.
MIEURE.

the facts of the case, also the common count for money paid, laid out, and expended. Plea, non assumpsit. By consent of parties, the cause was tried by the Court, and judgment for a moiety of the debt was given in favour of the plaintiff below. From that judgment, the plaintiff in this Court has appealed.

On the trial in the Circuit Court, the original note, and a receipt of payment by *John Mieure* indorsed thereon, signed by the cashier of the branch bank at *Mount Carmel*, the genuineness of which was admitted by the defendant below, were read in evidence by the plaintiff without objection from the defendant. The appellant insists that the testimony was inadmissible, and that the Court erred in receiving it.

On this point it is only necessary to say, that as the testimony when offered was not objected to, it went to the Court by the consent of the defendant below. Where the statements of a third person, oral or written, are by consent of parties given in evidence, it cannot afterwards be objected that the Court erred in receiving them.

The second point made by the appellant is, that an action of this kind cannot be sustained on a mere voluntary payment by a co-surety, but that the death or insolvency of the principal should be shown.

The plaintiff contends that in chancery relief will not be given, unless the insolvency of the principal be proven, and that in this action, which is but an equitable remedy in a legal form, the same rules prevail. In the case of *Lawson* v. *Wright* and *Watson*, 1 Cox's Rep. 275, the bill, after stating the case and that the principal was insolvent, prayed contribution from the co-surety, but no relief against the principal. At the hearing, the chancellor said that on the general equity of the case his mind was clear, but that he had some doubts whether it was not necessary to prove the insolvency of the principal, which was not done in that case. To that objection it was answered by the counsel for the complainant, that although such was the rule where the principal was not before the Court, yet the principal being here a defendant, it was competent for the Court to make a decree which would not only adjust the amount of contribution between the sureties, but would also direct payment from the principal to the co-surety. In this view of the case the Court concur-

red, and relying on the circumstance of the principal being a defendant, decreed that an account be taken of the money paid by the complainant, and that he recover a moiety thereof from the defendant *Wright*, and that *Wright* recover over such moiety from his co-defendant *Watson*. In that case, the complainant recovered against his co-surety upon the general principles of equity, and without considering the solvency or insolvency of the principal.

In the *New-Hampshire* Reports, the following case is reported. In the year 1813, the defendant (*Greenleaf*) as principal, and *W. A. Kent* and the plaintiff's testator (*Wilson*) as his sureties, made and delivered to the *Concord* bank a promissory note for 750 dollars payable in sixty days. In 1816, *Kent*, one of the sureties, without suit and without consulting the defendant, paid to the bank the amount of the note. *Wilson*, the co-surety, died in 1818, and the plaintiff as his executor, also without the knowledge of the defendant, paid to *Kent* one-half the sum paid by him to discharge the note. On the foregoing statement of facts the Court says, "It is settled that as soon as the debt becomes due by the terms of the contract, a surety may pay it and at once have his remedy against his principal; and that a surety who thus pays may have his remedy against his co-surety, without showing an inability in his principal to pay." When *Kent* paid the debt, says the Court, he at once became entitled to an action against *Wilson* to compel him to contribute. *Odlin, ex'or.* v. *Greenleaf*, 3 N. H. Rep. 270.

In the case of *Cowell, adm'r.* v. *Edwards*, 2 Bos. & Pull. 268, which was an action similar to the one before us, it became a question whether the insolvency of the principal should not be proved, to entitle the plaintiff to recover against his co-surety, the defendant; but the Court remarked that it might now, perhaps, be found too late to hold that this action could not be maintained at law, though the insolvency of the principal were not proved; and judgment was given for the plaintiff in that case, although there was no proof of insolvency.

From the foregoing cases it seems, that whether we view the right of a surety to demand contribution from his co-surety as founded on contract, or on principles of equity independent of contract, it is complete so soon as he has been

Nov. Term,
1839.

compelled to pay, and he may at once call upon his co-surety to bear the burthen with him. See, also, 16 Mass. Rep. 41.— 17 id. 469.— 1 Leigh's N. P. 74.

We are aware, that in some of our sister states a contrary doctrine is held, but on a careful examination of all the cases, we are of opinion that the judgment of the Circuit Court is right.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.* damages and costs.

*S. Judah*, for the appellant.

*C. Fletcher* and *O. Butler*, for the appellee.