## PEASLEE, Admr., *vs.* BREED.

Where the liability of one joint maker of a promissory note is continued, by partial payments within six years; but the remedy of the holder against the other is barred by the statute of limitations; the debtor who continues liable may, notwithstanding, recover a contribution from the other, when he has paid the debt.

ASSUMPSIT, for money paid by the plaintiff, as administrator, and by his intestate, Israel Peaslee. The writ was dated September 28, 1837. Pleas, the general issue, and the statute of limitations.

The plaintiff gave in evidence a note, signed by the defendant, and the intestate, dated Oct. 22, 1827, for $1172·48, payable to Olney Thompson, or order, on demand and interest. On the note were the following indorsements: "One year's interest" (without date); "2 mo. 18, 1830, $65, in part of interest; 21 of 10 mo. 1831, interest to this date; 17 of 10 mo. 1833, interest to 22d of this month."

It was proved that all the indorsements on the note, except the second, were in the intestate's hand writing. The second indorsement was in the hand writing of Thompson. All the indorsements were on the note before the first Thursday of July, 1835, when it was presented to and allowed by the commissioner on the intestate's estate; and the plaintiff paid Thompson a dividend, pursuant to a decree of the court of probate, of $833·22, on the 25th day of July, 1836.

The plaintiff, on the trial, claimed only one half of the amount of the two last indorsements on the note, and one half of the dividend paid, with interest on those sums.

Upon these facts a verdict was taken, by consent, for the plaintiff, subject to the opinion of this court; judgment to be entered thereon, or the verdict to be amended, or set aside, as the court should determine.

*Farley, Sawyer, & Emerson,* for the defendant. The plaintiff is not entitled to recover. Or, if he is, he can main-

Peaslee *v.* Breed.

tain the action only for half of the two sums last indorsed on the note. The defendant was discharged October 22, 1833, by the statute of limitations. 6 *N. H. Rep.* 124, *Exeter Bank* vs. *Sullivan.* If he was then discharged, he cannot be liable to contribute for what was paid afterwards.

Where an action for contribution is maintained, it is on the ground that the money has been paid for the benefit of the defendant. 2 *Com. on Contracts* 179. Payment could not have been enforced by Thompson against the defendant, either in equity or at law ; and there could not, therefore, be any possible benefit to the defendant, in the payment made by the plaintiff, as administrator, under the decree of the court of probate. As to the two indorsements, they may stand on different ground. The money having been paid when the defendant was liable, he may be answerable to contribute his share of those sums.

*Atherton & Brown,* for the plaintiff. This is not the case of a surety. A payment, by one of the signers, must be presumed to be paid, with the consent of the other. The claim was presented to the commissioner in time. The cause of action was not barred by the statute at the time of the decease of Peaslee, and the statute for the settlement of estates extended it. *Odlin* vs. *Greenleaf,* 3 *N. H. Rep.* 270, is in point, to show that the plaintiff is entitled to recover.

PARKER, C. J. When the intestate paid the interest in 1831, and in 1833, the defendant was liable on the note, as well as himself, and a cause of action arose in favor of the intestate, to recover one half of those sums. The action was commenced within six years from the time when the first of those sums was paid, and of course no question can be raised as to them. The intestate might have maintained a suit, had he lived. 3 *N. H. Rep.* 270, *Odlin* vs. *Greenleaf; Crosby* vs. *Wyatt, ante* 318.

The other part of the case raises the question whether,

when one of two makers of a note is discharged by the statute of limitations, and the other remains liable, and pays, the latter is entitled to recover of the former a contribution.

*Sibley* vs. *McAllaster, Exr.*, (8 *N. H. Rep.* 389,) was an action brought to recover money paid. The plaintiff was surety on a note signed by the defendant's intestate. The creditors neglected to present the note to the executor for more than two years, although its existence was mentioned within that time. The plaintiff afterwards paid the note, and brought his action to recover the amount. The executor contended that all proceedings to recover the note of the estate were barred by the neglect to present it—that the surety was thereby discharged, and could not make his voluntary payment a ground of action. It was held that the omission to call upon the executor for payment, was mere neglect to proceed against the principal, which would not discharge the surety, even if it had continued so long that the remedy against the principal was barred—that the plaintiff, continuing liable, might well pay, and that he thereupon had a remedy to recover of the estate the amount he had paid. The principal question in that case was, whether the surety was not discharged, and thus far it has no application here. No doubt was entertained, that if the surety continued liable, he had the right to recover, notwithstanding a direct remedy, by the creditor, against the estate, was barred by the provisions of the statute that no action should be sustained against an executor or administrator, unless the demand was exhibited within two years from the original grant of administration. Upon this latter point that case bears a strong analogy to this; and we are of opinion that the plaintiff in this case is well entitled to recover, for the amount paid by his intestate after the period when, according to the facts stated in the case, no action could have been sustained directly against the defendant, by the payee of the note.

When the plaintiff's intestate, and the defendant, signed the note to Thompson, there was an implied promise,

on the part of each, to pay the other one half of any sum that the other might lawfully pay on the note. This promise was a subsisting implied promise when the estate made the payment. The liability of Peaslee, the intestate, having been continued by payments, from time to time ; when he, or his estate, paid, a cause of action arose in his favor, or in favor of his administrator, against the defendant, on that promise. And this liability is in no way affected by the circumstance that Thompson could not have compelled the defendant to pay. He could have compelled both to pay, when the partial payments were made by Peaslee, in 1831, and 1833 ; and by means of the recognition of the debt, arising out of those payments, thus made, when Peaslee had no defence, and which furnished evidence to take the case out of the statute as to him, Thompson could enforce a payment of the remainder from his estate.

The cause of action which accrued to the plaintiff, as Peaslee's administrator, upon this last payment, is not affected by the question, whether Thompson could, or could not, at that time, maintain an action against the defendant, upon the note. The case, in this respect, is, in principle, like that of *Crosby* vs. *Wyatt*, decided in Strafford, upon the present circuit, although different in other particulars. It is immaterial whether Peaslee's liability was continued by evidence of partial payments, made at a time when he was liable to pay the whole, and accompanied with no disclaimer of further liability, or whether it was continued by a judgment. The administrator brings this action on an entire different promise of the defendant from that which he made to Thompson ; one arising by operation of law from the same transaction, but not a promise between the same parties. There is nothing to bar an action on this promise.

Had it appeared that Peaslee was at any time discharged by the operation of the statute of limitations, and that he, or his administrator, after that, refused to avail himself of the defence, and voluntarily paid money which he could not at

Peaslee *v.* Breed.

the time be compelled to pay, that would have presented a very different case.

On the facts of this case, the liability of Peaslee was at all times continued, and the case, as to him, taken out of the operation of the statute of limitations ; not by any new agreement, or by an assent to any new agreement, not contemplated by the original contract ; but by a part performance of what was stipulated in the original contract itself. The defendant, therefore, cannot object that Peaslee paid wrongfully, or that the payment does not come within the implied promise to contribute.

*Judgment on the verdict.*

*Memorandum.* Mr. Justice GREEN retired from the bench March 7, 1840, having attained the age of seventy years.

JOHN JAMES GILCHRIST, Esq. was appointed an *Associate Justice,* March 17, 1840.