## WHIPPLE, ADM'R *v.* STEVENS.

If a joint promiser be compelled to pay a note, he may have an action against his co-promiser for contribution, although as against the latter the claim of the payee was barred by the statute of limitations.

In action against one joint and several promiser, in such a case, the other, against whom the plaintiff's action is barred by the statute, is not a competent witness for the defendant.

ASSUMPSIT on a promissory note, dated October 23, 1840, for $100,00, payable to the plaintiff, or order, on demand, with interest, jointly and severally, by the defendant and one Horace Eames.  The writ was dated April 5, 1847, and the statute of limitations was pleaded.

The note bore two indorsements ; one dated in October, 1840, and one in the plaintiff's hand-writing, dated September 10, 1842, of $10,00, as received of Horace Eames.  The plaintiff offered evidence that this last payment was made by Eames, for the defendant, in his presence, with his money and with his assent.  The defendant offered Eames, to the admission of whom the plaintiff objected as inter-

Whipple *v.* Stevens.

ested, but who was admitted subject to the exception. He testified that he never paid ten dollars on the note for Stevens, and that he did not know of any money being paid on said note at all.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial.

Woods, J. The defendant and the witness Eames were joint and several makers of the note which is the subject of the present action. The witness is protected by the statute of limitations from any action directly in favor of the plain-tiff against him, but if the present action is sustained, will be liable to the defendant for a contribution to the extent of one half the debt recovered. Such is the doctrine of *Board-man* v. *Paige*, 11 N. H. Rep. 431, and of *Peaslee* v. *Breed*, 10 N. H. Rep. 489 ; where the precise point was determined that if the liability of one joint promiser be continued by partial payments within six years, but the remedy of the holder of the note is barred as against the other by the stat-ute, the maker of the note, whose liability is thus continued, may, on being compelled to pay, recover a contribution from the other.

The direct tendency of this action, if it be sustained, is to fix the liability of the witness to pay one half the amount of the note, while an opposite termination of the action dis-charges him from all liability growing out of the note. He is, therefore, clearly interested in the result of the suit, and an incompetent witness. In *Jewett* v. *Davis*, 6 N. H. Rep. 518, the witness was rejected upon the same ground ; while in *Ames* v. *Withington*, 3 N. H. Rep. 115, and *Carleton* v. *Whitcher*, 5 N. H. Rep. 196, his admission was justified upon the mere ground of his having been released by the defendant from all claim to contribution. The witness hav-ing been improperly admitted to testify, the verdict must be set aside and a

*New trial granted.*