## THE STATE OF IOWA v. ELLIOTT et al.

1. PARTIAL CONVERSATION. The rule that when part of a conversation has been introduced, the other party may insist upon having the whole of it relating to the same subject, does not apply where a party seeks to introduce his own statements in evidence for himself, for the reason that a portion of a conversation, in which they were made, has been stated by his own witness, at his own instance, but without objection from the other party.

2. ADMISSIONS. If, in a conversation, but a part of which was heard by a witness, the prisoner admits the commission of a crime, the evidence of such conversation is admissible, and its weight will be determined by the jury; and when the crime is of such a character, there can be no pretense of justification, and the admission is well identified in the portion which was heard, the jury should not be instructed that it is entitled to but little weight.

3. NEW TRIAL: VERDICT IN CASE AGAINST THE EVIDENCE. While the Supreme Court should set aside a verdict which is clearly against the evidence, and while greater latitude is allowed in the examination of motions for new trials, on this ground, in criminal than in civil actions, it should be well satisfied of the insufficiency of the evidence to convince the judgment, reason and conscience of the jurors of the correctness of the verdict.

*Appeal from Wapello District Court.*

FRIDAY, JUNE 12.

DEFENDANTS were indicted for burglary, in entering, in the night time, the house of one Rambo, with intent to commit a felony. Trial and verdict of guilty, and they appeal.

*Hendershott & Burton* for the appellant.

*C. C. Nourse,* Attorney-General, for the State.

WRIGHT, J.—To reverse this conviction three points are made:

*First.* That the Court erred in excluding certain testimony.

*Second.* In refusing an instruction asked by defendants.

*Third.* That the verdict was not warranted by the evidence, and that the Court erred, therefore, in overruling the motion for a new trial.

I. The defendants introduced, as a witness, the officer who made the arrest, who, in his examination, in chief, stated, without objection on the part of the State, that as he was bringing the prisoners to town, they passed Rambo's house; that Elliott wished to go in and see if the family would recognize him; that they went in and stayed about twenty minutes. Mrs. Rambo walked around in front of Elliott, looked at him and said she thought he was the man. The question was then asked by the prisoner's counsel: "What reply did Elliott make to the statement of Mrs. Rambo," which was objected to by the State, and the objection sustained. Appellants now insist that as a portion of the conversation, or what Mrs. Rambo said, had gone to the jury without objection, they were entitled to the reply; and especially as they proposed to prove that Elliott then promptly proclaimed his innocence and insisted that Mrs. Rambo was mistaken.

The rule that when part of a conversation is introduced, the other party is entitled to the whole of it, upon the same subject, does not apply. The testimony was elicited by the defendants. The witness was called by them. Nothing that the prisoner said had been elicited at the time the objection was interposed by the State. If there had been, then it might have been proper to have had it all, or to have excluded what had been given. It was incompetent, however, to thus get the declarations of the defendant before the jury, in his own behalf, from his own witness. It is not a case where a confession or admission is to be implied by the acquiescence or silence of the prisoner. The State does not pretend that the prisoner remained silent, or did not deny the imputation contained in the declaration of Mrs. Rambo. If this was claimed, or if the witness had been introduced on the part of the State, the fact that he denied what she said might have been proved.

Nor is the case of *Dunham* v. *Simmons*, 3 Hill, 609, applicable, for there it is only held that, if testimony which is inadmissible, be objected to on untenable grounds, and the true ground be not mentioned, the latter will be deemed waived. In *Judah* v. *Mieure*, 5 Blackf., 171, the ruling is, that when statements of a third person are given in evidence, without objection, their admission cannot be afterwards assigned as error. Here there is no objection by the State that Mrs. Rambo's statements were admitted. The *People* v. *Norton*, 5 Selden, 176, recognizes substantially the same rule as the case in 5 Blackford, and is equally inapplicable to the question now before us.

II. A witness, Mrs. Gray, testified to a certain conversation heard by her, between the prisoners, while they were confined in jail. After detailing what she heard, she says there was more said, which she did not understand; sometimes she could hear them and sometimes not; that they conversed in a loud whisper, and said many things which

she did not hear; but she had given the language as far as she heard it. As applied to this testimony, the court instructed the jury as follows: " While it is true that the declarations, conversations or statements of a party may be given in evidence against him, it is also true, generally, that the whole of such declaration or conversation should be given. That the law regards such evidence as being unsatisfactory and uncertain, when the recollection of the witness is not distinct as to what the exact words of the party were, or where the whole of the conversation, declaration or statement could not be or was not heard, or was not fully understood. But it is for the jury to say whether the witness recollected and stated the words that were spoken, or their substance, and what meaning is to be given by the use of such words under the circumstances. If the jury, in the examination of the testimony of Mrs. Gray, find that she did not hear all the conversation between the prisoners, and did not pretend to have understood all they said, her testimony on that account is entitled to much less weight than if she had heard and understood the whole of the conversation upon the same subject. But it is for the jury to say whether she related the words or substance of the language used in the conversation, and whether such language was in relation to distinct facts, and how far it tends to prove defendants guilty."

The following instruction upon the same subject was asked and refused: " When a witness shows by his own evidence that he did not hear all of a conversation, and did not and could not understand all thereof, and gives in evidence only a part, such evidence is entitled to but little weight."

In refusing this instruction, the court did not err. As a proposition under some possible state of facts, it might be true. As applied to this case, it went too far. If a prisoner is heard to make an admission that he committed

a crime, as to which there could be no pretense that he had justification, as that he was acting in self-defense or the like, it would not be true that evidence of such admission, if well identified, was entitled to but little weight, because all that was said was not heard or remembered. The weight to be attached must depend upon the circumstances. To make this instruction correct, it should follow as a fair logical or legal consequence that such evidence, under the circumstances supposed, would be entitled to but little consideration. And yet every one knows that an admission may be made which is of that character, that it could not be stripped of its force, though the party might talk ever so much before or after. Of course, we speak of an admission deliberately made and precisely identified. The fact that only part of the conversation was heard might entitle the testimony to much less weight than if all had been heard and identified. But it is quite another thing to say that it is therefore entitled to but little weight. The rule stated in the previous instructions was sufficiently liberal, and all that the prisoners had a right to ask.

III. Should a new trial have been granted? The evidence is all before us, and is contained in the testimony of some forty witnesses. That the crime charged was committed at the time and place claimed by the State, by some one, is undisputed. The controverted question is, whether defendants were the persons committing the same. There is certainly testimony connecting them with it, as strong as is often found in this class of cases. Aside from the conversation overheard between them by Mrs. Gray, above adverted to, there is the testimony of three witnesses precisely identifying one of them while in the house, and of one witness identifying the other. The burglars, if the witnesses are to be believed, lighted a candle; were in the house an hour; broke open a chest; took money therefrom; searched in various places for other money; threat-

ened the inmates with death if they'left their beds; pointed a pistol or pistols at their heads; and conversed freely and unreservedly with each other during the whole time. In addition to this, there is other testimony tending to identify the prisoners with the commission of the offense. On their part, testimony is introduced to establish an *alibi;* and it is not to be denied that it tends quite strongly to support such defense. Under such circumstances the question is, whether we are justified in holding that the court erred in refusing a new trial?

We adhere to the rule recognized in *The State of Iowa* v. *Tomlinson,* 11 Iowa, 401, that a conviction clearly contrary to the weight of evidence should be set aside, and that in the consideration of such evidence greater latitude is permitted than would be countenanced in civil cases. If this was a civil action, we should unhesitatingly refuse to interfere with the verdict. For we could not say that there was such a preponderance of evidence against the finding as to justify the conclusion that the jury had acted rashly, or under circumstances indicating a want of free and unbiased judgment. In view of the greater latitude allowed in the examination of a case affecting the liberty of the individual, are we justified, upon all the testimony submitted, in coming to the same conclusion in the present instance?

It will be seen that this is not a-case where any material allegation of the indictment is unproved. That is to say every fact is established necessary to make out the offense against some one. Nor is the offense like that charged against Tomlinson, 11 Iowa, *supra.* There the defendant was indicted for rape, " an accusation hard to be proved and harder to be defended against." From this fact, growing out of the very nature of the offense, courts have always been inclined to guard with care the rights of the prisoner, and to require such a charge to be very well

established. Not only so, but in that case the testimony
of the prosecutrix was uncorroborated, and it was held that
there was such a want of evidence to establish the charge
or the body of the offense, as to justify a new trial. Here,
however, there is no want of corroboration, but if witnesses
are to be believed the jury was fully justified in finding
that the charge was sustained. That was a case, where,
conceding all to be true as stated by the witness, the jury
might have found the criminal intercourse, but not that it
was by force and against the consent of the prosecutrix,
elements essential in the crime charged. Here if the jury
found that the prisoners were sufficiently identified, there
was no doubt as to their guilt.

Again, the defense set up to rebut the case made by the
prosecution, is one, the sufficiency of the testimony to
establish which, might properly be left to the jury. In its
consideration much would depend upon the character of
the witnesses—their means of knowledge—their relation to
the parties—their demeanor upon the stand—the agreement
or non-agreement of their statements with the facts other-
wise established, and many other matters not necessary to
refer to in detail. And while a jury is not justified in
arbitrarily disregarding the testimony of a witness, the
circumstances which properly influence them are so various
and so often impossible to be known by this court, that in
case of conflict, there should be great hesitation before their
conclusion should be disturbed. Then, again, whether
those accused were in fact in another place, at the time the
offense was committed, is frequently one depending upon
mere opinion, and this because that the exact time becomes
a material inquiry. Thus, if the witnesses for the State in
this instance fixed the hour of the night earlier than it
really was, and the other witnesses did not see the prisoner
at so late an hour as they suppose, much strength would
be taken from the position of the defense. And the

experience of every one, attests the ease with which such mistakes may be made. That the jury had no warrant for thus considering the evidence, we cannot say.

It was the duty of the jury to be satisfied of the guilt of the accused beyond all reasonable doubt. And this doubt is removed when they have arrived at that certainty "which convinces and directs the understanding, and satisfies the reason and judgment, of those who are bound to act conscientiously upon it." *Commonwealth* v. *Webster*, 5 Cush., 320. And while we recognize the duty of the court to interfere with an unjust verdict, it should nevertheless be well satisfied, when the testimony is conflicting, of its insufficiency to convince the judgment, reason and conscience of the triers, before setting aside the conclusion arrived at, as it must be presumed, after the requisite patient thought and attention. And especially is this so when the court below has refused to disturb such verdict.

We conclude, therefore, that while the jury in this case might, consistently with the testimony, have acquitted the prisoners, the verdict found is nevertheless not so far contrary to the testimony, under the well settled rules governing their deliberations, and prescribing their rights and duties, as to authorize us to say that a new trial should have been granted.

Affirmed.