STATE OF IOWA, Appellee, v. J. PINGEL, Appellant.

**Embezzlement:** EVIDENCE. On a prosecution of an agent for em-
1  bezzlement of his principal's funds, the evidence is held to support a verdict of guilty.

**Ratification of crime.** One whose money was embezzled by his
2  agent may take security for the amount due without ratifying the embezzlement.

**Appeal:** REVIEW OF VERDICT. A verdict of conviction approved by
3  the trial court will not be disturbed on appeal, on grounds involving simply the credibility of witnesses.

*Appeal from Clinton District Court.*— HON. A. J. HOUSE,
Judge.

TUESDAY, OCTOBER 17, 1905.

DEFENDANT was indicted, tried, and convicted of the crime of embezzlement, and from the judgment imposed on the verdict appeals.— *Affirmed.*

*L. F. Sutton, A. P. Barker, C. H. George,* and *W. J. McCoy,* for appellant.

*Charles W. Mullen,* Attorney General, and *Lawrence De Graff,* Assistant Attorney General, for the State.

DEEMER, J.— The sole question raised on this appeal is the sufficiency of the evidence to support the verdict. The instructions were very fair to the defendant, and of them no complaint is made. It is conceded that defendant was the agent of one Brown for the collection of rents. He was to collect the rents and turn them over to Brown as fast as collected, or whenever demanded. This he did not do; but, on the contrary, he used the money for his own purposes. Defendant admits that he so used the money, but contends, and introduced testimony tending to show, that this was by arrangement with Brown. Such an arrangement is denied by Brown, and the jury evidently believed Brown's story.

The only question in the case is whether or not defendant had the right, or honestly believed he had the right, to use the money as he did. In view of the testimony of Brown, which is unequivocally to the effect that he never at any time consented to defendant's using the money for any purpose of his own, denied though it may be by the defendant and his wife, we think the jury was justified in returning the verdict it did. True, Brown loaned the defendant money during the existence of the agency, but there is nothing to indicate that he was then suspicious of the defendant, or that he knew anything of defendant's claimed peculations.

No one claims that there was any settlement of the agency account at the. time this loan was made.

After Brown discovered that defendant had used his money, he endeavored to obtain a settlement with him (defendant), and accepted a sheriff's certificate of sale, as defendant says, in full settlement of the balance due. But this is denied by Brown, who says that he took it in the hope that he might obtain something thereon to apply on defendant's shortage, that he was not able to do so, and that he returned the certificate to the defendant or his attorney. That Brown did not receive anything on the certificate, and that he returned the same, is fully established. The point in dispute, as to how he received it, was for the jury, and with its finding we are content.

Brown had the right to secure the amount owing him from the defendant, without ratifying his embezzlement of the money. Of course, he might so ratify it as to negative the claim of embezzlement; but this the jury was authorized to say was not done in this case.

The conclusion depends wholly upon which one is to be believed, Brown or the defendant and his wife. If the latter, then the defendant was not guilty. If the former, then he was. This was for the jury primarily, and, as the trial court approved the jury's finding after hearing all the testimony and observing the conduct and demeanor of the witnesses, we are not justified in interfering.

The judgment is therefore *affirmed.*