STATE OF IOWA, Appellee, v. FRED N. WILSON, Appellant.

CRIMINAL LAW: Setting Verdict Aside. A verdict on conflicting
1  evidence must stand, unless it clearly appears that such ver-
dict is contrary to the weight of the evidence. So held on the
issue of agency in an embezzlement charge.

EMBEZZLEMENT: Tender as Barring Prosecution. One charged
2  with embezzlement may not bar prosecution by making a ten-
der after indictment.

EMBEZZLEMENT: Evidence of Other Offenses. On the trial of an
3  indictment for embezzlement, evidence of other acts of embez-
zlement by the accused may properly be received for the sole
purpose of throwing light on the motive and intent of the ac-
cused in the transaction on trial.

*Appeal from Lucas District Court.*—C. W. VERMILION,
Judge.

OCTOBER 20, 1920.

DEFENDANT was indicted for larceny by embezzlement.
It was charged that defendant, as agent for Frank Youtsey
and Anna B. Youtsey, embezzled $2,525.35. Defendant was
tried and convicted, and appeals.—*Affirmed.*

*Hickman & Wells,* for appellant.

*H. M. Havner,* Attorney General, *F. C. Davidson,* As-
sistant Attorney General, *C. F. Wennerstrum,* County At-
torney, and *D. W. Bates,* for appellee.

ARTHUR, J.—Defendant was engaged in the real estate
and loan business at Chariton, Iowa, during the years 1917
and 1918, and he was correspondent for the Union Central
Life Insurance Company of Cincinnati,
Ohio, soliciting farm loans in Lucas County
through the firm of George M. Van Evera
& Company, of Des Moines, state agents for

1. CRIMINAL
LAW: set-
ting verdict
aside.

said insurance company. At the solicitation of defendant, Anna B. Youtsey and Frank Youtsey, her husband, since deceased, applied for loans from said insurance company through George M. Van Evera & Company, state agents; and one loan was obtained for $10,500, one for $3,500, and another for $2,500. Three mortgages were executed, to secure these three loans, upon three farms in Lucas County, belonging to Anna B. Youtsey. The last loan of $2,500 is the one out of which the charge of embezzlement grew. There was some delay in completing the abstract of title to the land included in the $2,500 loan, and, when the money was paid over, on April 10, 1918, it included the interest up to that date, and was in the amount of $2,525.35. This money was paid to defendant by a draft dated April 10, 1918, made payable to him, and was received and deposited by him to his account at the State Savings Bank of Chariton, on the 11th day of April, 1918, less the sum of $910, which Wilson took in cash with him from the bank. Claim is made by the defendant that he took this $910 in cash out of the proceeds of the draft in compliance with the request of Anna B. Youtsey that he keep the same out and hand it over to her, and he claims that he did pay it over to her, and that she signed a receipt for the same. This is a disputed matter. Anna B. Youtsey says, as a witness, that he did not pay this $910 to her, and that she did not sign a receipt for same.

It is a fact undisputed that defendant received the money on the $2,500 loan: that is, $2,500 plus the accumulated interest, making $2,525.35. Defendant claims that Anna B. Youtsey owed him one per cent commission, or $165; that she owed him $160 commission for selling some land for her; that she owed him $72.75 for expense on her abstract of title of the land mortgage; and that, after deducting from the $2,525.35 which he received, the $910 which he paid her, commission of $165, and $160 commission for selling the land, and $72.75 expense on abstract, there was left in his hands, due Anna B. Youtsey, a balance of $1,217.60.

Defendant claims that, on October 23, 1919, after indictment and before trial, he tendered and offered to pay to Anna B. Youtsey the sum of $1,217.60, with interest thereon from the time he received it at 6 per cent, in the total sum of $1,330.95, but that she refused to receive that amount, and demanded the payment of the entire $2,525.35. It appears that the defendant did make a verbal offer to pay over to Anna B. Youtsey $1,217.60, with interest thereon at 6 per cent while he had it, that being the balance, as he claims, of her money in his hands, after deducting from the amount he received $910, which he claims he paid her, his commissions, and expense in perfecting her abstract. There is no evidence that defendant made an actual tender of that amount of money, or any other amount. His offer was a verbal offer only, and, at the time he made the offer, he said that he had the money on deposit, and held certificates of deposit therefor, issued by the Iowa Loan & Trust Company of Des Moines, and that certain other certificates had been issued to him by a bank at Indianola. That defendant had the money he claimed to have on deposit in these banks, is disputed. An officer of the Iowa Loan & Trust Company, also the cashier of the Indianola Banking Company, and the cashier of the First National Bank of Indianola, all testified that no draft had ever been issued to Fred N. Wilson, nor had any certificate of deposit been issued to him, as claimed by him in his testimony.

The principal questions involved in this case are whether or not Fred N. Wilson was the agent of the Youtseys, and whether the claimed tender made by defendant to Anna B. Youtsey of $1,217.60, and interest thereon, was sufficient to bar a prosecution for embezzlement. The errors relied upon for reversal relate to these two matters; that is, that the evidence is insufficient to sustain the verdict, because it fails to show that defendant was, in fact, the agent of Anna B. Youtsey in applying for and receiving the $2,500 loan; and that the tender which defendant claims he made to Anna B. Youtsey was sufficient to bar this prosecution. The question of whether defendant was the agent of Anna

B. Youtsey is one of fact, and was submitted to and passed upon by the jury. This court will not interfere with such finding, unless clearly contrary to the weight of the evidence. *State v. Pingel,* 128 Iowa 515; *State v. Tomlinson,* 11 Iowa 401; *State v. Wise,* 83 Iowa 596; *State v. Sullivan,* 156 Iowa 603, 607; *State v. Elliott,* 15 Iowa 72.

We have examined carefully the testimony of the defendant bearing upon the question of whether the defendant was the agent of Anna B. Youtsey or not. It is an undisputed fact that defendant sought to secure loans, aggregating $16,500, for Anna B. Youtsey and her husband. Wilson, the defendant, was to receive one per cent commission. Defendant was also correspondent for the Union Central Life Insurance Company. All his transactions were directly with George M. Van Evera & Company, of Des Moines, who were state agents for the insurance company. The first loan secured was for $10,500; the second loan was for $3,500; and the third for $2,500. The $10,500 loan was obtained, and the transaction fully closed. The $3,500 loan was obtained, and the Youtseys received the money on it. At the time of the trial, Anna B. Youtsey had received all the money on account of the loans negotiated, except the last loan, for $2,500. She did not receive any part of that loan, unless it is the $910 which defendant claims he paid her in currency, but which Anna B. Youtsey claims she did not receive. Defendant had in his possession application for the $2,500 loan, and he also had in his possession the notes for the $2,500 loan, and the mortgage to secure the payment therefor. The application for the loan, the notes for $2,500, and the mortgage, purport to have been signed by Anna B. Youtsey and her husband. Defendant also had in his possession an order, addressed to George M. Van Evera & Company, directing them to turn over to defendant the proceeds of the $2,500 loan, and this order purports to have been signed by Anna B. Youtsey and her husband. At the time of the trial, Frank Youtsey, the husband, was dead. Anna B. Youtsey, as a witness, denied having signed the application for the loan, and also denied

having signed the order to turn over to defendant the proceeds of the loan. Whether defendant, Fred N. Wilson, was the agent of the Youtseys or not, was a question of fact for the jury, and was dependent upon whether the name of Anna B. Youtsey, appearing on the application and on the order, is the genuine signature of Anna B. Youtsey or not. If the application and the order in question were signed by Anna B. Youtsey, then Fred N. Wilson, defendant, was the appointed agent. Hence, the proof of agency depends upon the genuineness of these signatures.

H. H. Van Evera, as an expert, testified that the signatures are the genuine signatures of Anna B. Youtsey. Against the testimony of H. H. Van Evera is the testimony of Anna B. Youtsey, that the signatures appearing on the application and order are not hers. The application and order were in evidence before the jury. A conceded signature of Anna B. Youtsey's was also in evidence before the jury, so that comparison could be made by the jury, as provided in Section 4620 of the Code:

"Evidence respecting handwriting may be given by experts, by comparison, or by comparison by the jury, with writings of the same person which are proved to be genuine."

On motion for a new trial, the court refused to disturb the finding of the jury.

In *State v. Elliott*, 15 Iowa 72, 79, this court said:

"And while we recognize the duty of the court to interfere with an unjust verdict, it should, nevertheless, be well satisfied, when the testimony is conflicting, of its insufficiency to convince the judgment, reason, and conscience of the triers, before setting aside the conclusion arrived at, as it must be presumed, after the requisite patient thought and attention. And especially is this so when the court below has refused to disturb such verdict."

In view of the conflict in the testimony in regard to the signatures, this court will not disturb the finding made by the jury.

It may further be remarked that the defendant himself,

on the witness stand, made no attempt to say that he was not the agent of Anna B. Youtsey. In fact, we think he at least tacitly admitted that he was, when he claimed that he had tendered her the amount of money that was due her.

We next come to consider the matter of tender which the defendant claims he made to Anna B. Youtsey, and whether such claimed tender was sufficient to bar prosecution.

2. EMBEZZLE-MENT: tender as barring prosecution.   Section 4843 of the Code provides:

"In a prosecution under the preceding section [the embezzlement section], it shall be no defense that such officer, agent, clerk, servant, collector, attorney at law or other person was entitled to a commission or compensation out of such money or property as compensation or commission for collecting or receiving the same for or on behalf of the owner thereof. It shall be lawful for such agent, clerk, servant, attorney at law, collector or other person to retain his reasonable compensation or collection fee for collecting or receiving the same, but no attorney at law may retain any money or property as compensation, or as money and property on which he has an attorney's lien, after the filing of a bond as provided for in regard to such liens."

It does not appear from the record that the defendant made an actual, lawful tender of the $2,525.35, or any part of it, to Anna B. Youtsey. But perhaps she waived his making lawful tender by refusing to accept his oral offer to pay to her that amount, less what he claims she owed him in the way of commissions, and the $910 which he claimed he had paid to her. However that may be, the trial court gave to the jury as favorable instruction as the defendant was entitled to, covering that matter:

"If you find from the evidence, beyond a reasonable doubt, that the defendant, as agent for Frank Youtsey and Anna B. Youtsey, received the money in question, or some thereof, and that he unlawfully and fraudulently converted said money, or some thereof, to his own use, without the consent of the owners, then it would be no defense that,

after the return of the indictment herein, he tendered or offered to pay said amount of money, or some part thereof, to said Anna B. Youtsey, if he did.

"But if you do not find from the evidence, beyond a reasonable doubt, that the defendant unlawfully and fraudulently converted said money, or some thereof, to his own use, or if you find that defendant was, at all times prior to indictment, ready, able, and willing to settle with owners of said money, and to pay to the owner or owners thereof an amount equal to the balance of the amount so received by the defendant as such agent, if any, after deducting the aggregate of claims the defendant had, or in good faith claimed to have, against the owners thereof, or one of them, for commissions or money paid out for or to said owners, or one of them, he would not be guilty of embezzlement, and you should acquit him."

Testimony was admitted, over objection of defendant, of other acts of embezzlement or fraudulent conversion, as bearing on defendant's motive in converting the money in this case. This is assigned as error. By proper instruction, this testimony was strictly limited to show motive, and it was not error to receive it. *State v. Boggs*, 166 Iowa 452.

3. EMBEZZLE-
MENT: evi-
dence of
other of-
fenses.

The judgment is—*Affirmed.*

WEAVER, C. J., LADD and STEVENS, JJ., concur.